KENNON, Judge.
Plaintiffs, alleging that they were owners of one-fourth of the minerals under a described tract of land in Claiborne Parish, Louisiana, having inherited the interest from their father, filed the present petitory action against J. Earl Mayfield, from whom their father had acquired the described mineral interest on March 21, 1934. The petition set forth the execution of various leases, pooling and unitization contracts and orders of the conservation commission as a basis for the mineral interest continuing in force beyond the original ten year period. . There was no., allegation, that the defendant was jn possession, but there was attached to the petition a copy of all pleadings in a prior jactitory action in which Mayfield, as plaintiff, was granted a .default judgment against the present plaintiffs.
In addition to the petitory relief, the present petition asked for a declaratory judgment “declaring such mineral interest now to be in full -force and effect.”
The petition also asked that the above mentioned September, 1949 ' default judgment be declared null and void for the reason that, at the time the default was taken and the confirmation judgment signed, there had been filed in the jactitory suit an exception of no cause or right of action in which plaintiffs (then defendants) denied that the jactitory plaintiff wa.s or had been in possession of the mineral interest involved ¡since. 1934. ■. ..
Mayfield filed an exception of res judi-cata, an exception of lis pendens, a plea of prescription' and an answer. The District Court overruled the exceptions of lis pendens and res judicata, and rendered judgment maintaining the exception of no oause or right of action. From this judg- *914 merit, plaintiffs 'have appealed, and contend in brief that the petition sets forth a valid cause of action with respect to the petitory action, also under the Declaratory Judgments Act, Act No. 22 of 1948, Ex Sess., and in its attack on the September, 9th default judgment.
We will first discuss the petitory demands. Defendant’s contention is that the petition is fatally defective in that plaintiffs did not deraign their entire title nor allege possession in the defendant.
Plaintiffs, in their petition, have traced their asserted title to the defendant himself. In the case of Moore v. Blount, 160 So. 319, 322, this Court held that it was unnecessary that the plaintiff in petitory action deraign his title “back of the title of the common author”.
In the case before us, the omission of the allegation in the petition itself that defendant is in possession of the property is cured because plaintiffs did attach to their petition a copy of the entire proceedings in the previous jactitory suit involving the same land and between the same parties. In this attached jactitory petition, the present defendant himself sets forth that he is the owner and in possession of the. property in dispute.
The judgment in that suit ordered that the present plaintiffs bring suit in re-vindication of their rights in sixty days on .penalty of being forever barred, etc. When a petitory action is brought in compliance with a previous jactitory judgment, it is not necessary that the petition set forth possession by the -defendant. Such was the ruling of this Court in the case of Henderson v. Graham, 199 So. 439.
We next consider that portion of the petition seeking to nullify the default jactitory judgment. Previous to the entry of the default and the confirmation of the judgment; the jactitory defendants had filed an exception of no cause or right of action' in which it was asserted that the jactitory plaintiff had neglected to set forth that the servitude described had ¡been extinguished ¡by prescription liberandi causa or otherwise. Another paragraph of the exception denied the jactitory plaintiff’s possession in the following language,:
' “That appea-rers -specially deny that plaintiff is now or has been (at any time since March 21, 1934) in possession of the mineral interest Or servitude involved herein and show that your appearers (and their ancestors in title) have at all times ¡been in possession thereof, as will be shown on trial of this exception.”
The attorney filing .the above exception executed in proper notarial form the following certificate:
“Before me, the undersigned authority; came and appeared Leon 0"Quin, who being -first sworn, deposes and says that he'is of counsel for defendants in the above cause; that all allegations of fact set forth in the foregoing exception are true and correct to the best of his knowledge, information and belief, and that a copy hereof has been mailed to counsel -for plaintiff.”
Notwithstanding the filing of the above described exception, the attorneys for the jactitory plaintiff entered a default and in due course confirmed -same, relying upon Section 1, Paragraph 6 of Act No. 157 of 1912, as amended, which provides as follows :
“Sixth: Every exception which may be filed in advance of the,filing of an answer, shall be accompanied by a certificate of the counsel filing the same to the effect that it is filed in good faith and not merely for the purpose of delay; and in the case of every such exception involving matters of fa'ct, the same must also be verified as to •such matters of fact in the manner and form hereinabove prescribed for the verification of petition and answers. Unless accompanied by the certificate of counsel aforesaid, no such exception shall have any effect as a defense or to prevent the taking in regular course of a judgment by default; and ' in the case of exceptions involving matters of fact, unless same be verified as above provided, they shall be overruled as ■a matter of course; .provided that in such case, the Court may, in its discretion, allow the verification to be supplied or amended upon such terms as to the payment *915 of costs, or otherwise, as it may deem proper.”
It is noted that the quoted paragraph requires that the certificate of counsel be “to the effect that it (the exception) is filed in good -faith and not merely for the purpose of delay”. The exception set forth a statement of -fact (lack of possession in plaintiff) which, if true, would have been a valid and effective defense to plaintiff’s suit and would have warranted dismissal of the entire cause of action. The affidavit of counsel that a statement of fact which, if true, would completely defeat plaintiff’s cause of action is equivalent to a statement “to the effect” that the exception is filed in good faith. .
We next consider the question of whether or not it was fatal for counsel’s verification not to contain the statement that the exception was filed “not merely for the purpose of delay”. An exception of no cause or right of-action filed to a jactitory suit and alleging lack of possession of the plaintiff as a defense must be filed in limine. This requirement, is in our law -by virtue of a special .act on that subject, Act No. 241 of 1946. The title to the Act reads as follows: “An Act. Regulating the method of pleading lack of possession and/or failure of-the plaintiff properly to'plead possession as defenses in actions of jactitation or slander of title.” In the body of the Act it is required that if any defendant desires to raise as a defense the-lack of sufficient possession of the property involved, he shall raise and plead “all such defenses” by exception “filed in limine litis.”
Since there is a specific law of the state requiring that this particular defense be raised by means of an exception filed prior to the time that issue is joined, it cannot be said that the issue was raised in an exception “merely -for the purpose .of delay”. In a case where an allegation o-f fa.ct in an exception, if true, would justify a dismissal of plaintiff’s suit, it is likewise not tenable to take the position that such an exception was filed “merely for the purpose of delay”.
We therefore conclude that the affidavit of -counsel as to the truth arid correctness. of the defenses, taken in cónnection with the obvious serio-us import of sa-me, and in the light of the -act requiring 'specifically that-same be presented prior’to ' answer filed, was the equivalent in effect to ' á certificate that the document was filed' in good faith and not merely -for the purpose of delay.'
, A further circumstance in'the case before iis, which operates as a bar. to the .taking of default and. confirmation of ■same while the exception of np right of action was -pending, is the practice that once an issue.of fact is raised in an exception of no right of action, the exceptor is entitled to a separate trial on this question! of,fact. ,By the specific terms of the 1946.act, this question of possession of necessity haci to .be raised — and, logically, disposed'"of — prior to the filing of an answer. At the time the , default was taken and confirmed, the allegation of plaintiff’s petition that he was in possession of the property in controversy had been specifically and •directly denied and put at issue by the statement in defendants’ exception that an opposite state of fact existed. Under these circumstances, whether-technically true or not, the fact remains that issue had been joined between 'the parties on a question of fact, the determination of which was decisive to-the entire litigation. ' Under these circumstances, the taking and confirmation of a default by the jactitory plaintiff without notification to counsel for his adversaries could only -be justified by finding that the case -met fuily and squarely the conditions set forth by section 1, Paragraph 6 of Act No. 157 of 1912.
'Having -found' that, under the -circumstances o-f this case, the affidavit of coúnsel 'was the equivalent of a -certificate that'same was filed in good faith, and having noted that the requirement o-f law that the subject exception 'o'f necessity must be filed in limine litis, and having' found that the exception as filed partakes somewhat of the 'nature of an answer in that issue was joinéd on a question of fact alleged in the petition ánd denied in the exception, which -ccmld’be decisive of the entire litigation, we conclude that the petition stated a valid cause of ac- ’ tion on this phase of the casé.
With referencé to'the declaratory jud-g- ' ment features of the petition, ’ the relief *916 prayed for is- contained in the underscored portion of the prayer to the petition, which .prayer is quoted below in .'full:- “Wherefore, petitioners pray that. J. Earl Mayfield be served with a copy of this petition and cited to answer the same, and that after due proceedings had there -be judgment in favor of your petitioners, and against the defendant adjudging petitioners to be the owners of the mineral servitude described in Paragraph (Í) of this petition and that a declaratory judgment he rendered in petitioners’ favor recognising and declaring such mineral interest now to be .in full force and effect; and that the judgment purportedly rendered on September 9, 1949 in the suit styled ‘J. Earl Mayfield v. J. Herman Brown, et al.’ No. 18181 on the docket of this court, be annulled and decreed void; and for all orders necessary and for general and equitable relief.” (Italics by the Court).
We note that the prayer asks -for judgment adjudging petitioners “to be the owners of the mineral servitude described” and that a declaratory judgment be rendered declaring ‘.‘such mineral -interest now to be in full.force and effect.” Were the ■first prayer — decreeing petitioners to be owners of the mineral servitude described —granted, then it would necessarily follow as a result of that decree that the mineral servitude would “be in full force and effect” as of-the date that judgment was effective. Under these circumstances, the prayer for a declaratory judgment as worded presents no additional issue and the inclusion of same in the decree would recognize no rights in the plaintiff that the granting of the first prayer would- not have already disr posed of. Since the pleadings, .including the prayer for the declaratory judgment, are no.t made in the alternative, we conclude that same could not be the basis -for granting relief, other than that contained in the petitory portions of the petition- and prayer. Of course, the inclusion of the request for such a declaration of plaintiffs’ rights does not effect the legality or effectiveness of the petitory action.
The District Court did not pass upon the plea of prescription or the question of law which will determine the merits of the case, and counsel for defendant has stated in brief that he desires to waive any rights which may have accrued to his client by virtue of the maintenance of the exception of no cause of action that might go' into the merits of the controversy.'
For the reasons assigned, the judgment •appealed from is reversed, the exception of no cause or right of action is overruled, and the case is now remanded to the District Court for .further proceedings in accordance with law and consistent with the views herein expressed. Costs of this appeal to be paid by defendant; other costs to await the final outcome of the litigation.