137 So.2d 99 (1962)
William Lee BECKHAM, Plaintiff and Respondent,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY et al., Defendants and Relators.
No. 516.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1962.
Guillory, Guillory & Guillory, by Robert K. Guillory, Eunice, for plaintiff-respondent.
Davidson, Meaux, Onebane & Donohoe, by John A. Bernard, Lafayette, for defendants-relators.
Gold, Hall & Skye, by Leo Gold, Alexandria, for intervenor-appellee.
Before TATE, FRUGÉ, SAVOY, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
Relators are defendants in a tort action filed by plaintiff for damages for personal injuries received in an automobile collision allegedly caused by the negligence of the driver-employee of the defendant insured. Defendants answered denying liability and thereafter plaintiff filed a motion for summary judgment in his favor on all *100 issues of liability in the case, the said judgment to be for such amounts as may be found due to plaintiff upon trial of the issue of quantum of damages. To his motion for summary judgment on the issue of liability, plaintiff attached depositions given by himself, by defendant's driver and by other witnesses to the accident. Defendants filed no counter-affidavits. Following a hearing, the district judge rendered summary judgment in favor of plaintiff "on all issues of this action relating to the liability of the defendants to plaintiff, and the plaintiff is entitled to damages against defendants, jointly, severally and in solido for all such amounts as may be found due to plaintiff as damages upon the trial of this case, * * *".
The defendants thereupon filed a timely petition for suspensive and devolutive appeals from said summary judgment. The district judge denied defendants' petition for appeal, without assigning written reasons, whereupon defendants-relators applied for and were granted writs of certiorari, prohibition and mandamus from this court, and the matter is now before us under our supervisory jurisdiction. La. Constitution, Art. 7, Sec. 29 as amended by Act No. 561 of 1958, LSA.
Briefly stated, the argument of defendants-relators is that although there may be a grave question as to whether or not the lower court was procedurally correct in granting a summary judgment on the issues of liability alone, nevertheless the district judge has rendered a summary judgment, which judgment, under the specific provisions of LSA-C.C.P. Art. 968 is a final judgment "with the same effect as if a trial had been had upon evidence regularly adduced". Continuing their argument, defendants point out that under the provisions of LSA-C.C.P. Art. 2083 "an appeal may be taken from a final judgment * * *".
In answer to this argument, plaintiff contends that under the provisions of LSA-C.C.P. Art. 966 the district judge was authorized to grant a summary judgment in plaintiff's favor for "part of the relief for which he has prayed." and that under LSA-C.C.P. Art. 968 summary judgments, for only part of the relief prayed for, are not final and therefore not appealable.
At the outset we quote the pertinent portion of LSA-C.C.P. Art. 966 which reads as follows:
"Motion for summary judgment; procedure
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time."
LSA-C.C.P. Art. 968 reads as follows:
"Effect of judgment on pleadings and summary judgment
"Judgments on the pleadings, and summary judgments, are final judgments and shall be rendered and signed in the same manner and with the same effect as if a trial had been had upon evidence regularly adduced. If the judgment does not grant mover all of the relief prayed for, jurisdiction shall be retained in order to adjudicate on mover's right to the relief not granted on motion.
"An appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment."
Despite plaintiff's arguments to the contrary, it is our opinion that the only logical interpretation of LSA-C.C.P. Art. 968, quoted above, is that all summary judgments, whether they grant all or only a part of the relief prayed for, are final judgments and as such are appealable. The provision in said Article 968 that "if the judgment does not grant mover all of the relief prayed for, jurisdiction shall be retained *101 in order to adjudicate on mover's right to the relief not granted on motion." simply means that in the event of summary judgment for only part of the relief prayed for, such a partial summary judgment is final and is appealable, but the trial court retains jurisdiction of that portion of the case not disposed of by said summary judgment. In our opinion, this is stated in clear and unambiguous language. Our conclusion in this regard is supported by the Official Revision Comment (b) found under LSA-C.C.P. Art. 968 reading as follows:
"(b) Under the Louisiana motion for summary judgment, differently from that governed by Fed.Rule 56(c), no interlocutory summary judgment can be rendered. See Comment (b) under Art. 966, supra."
Therefore, defendants had a right of appeal from the summary judgment in this case, and on defendants' being denied this statutory procedural right we have exercised our supervisory jurisdiction. However, with the matter now before us, it is apparent that a proper adjudication of the present difficulty is impossible without any inquiry into and determination of the procedural correctness of the trial court's rendition of a summary judgment on the issue of liability alone. In this court both plaintiff and defendants have consented to a consideration by us at this time of the validity of the summary judgment in order to avoid undue delay.
An understanding of the problem necessitates a brief review of the history of Rule 56 of the Fed.Rules of Civil Procedure, 28 U.S.C.A. on which our own summary judgment procedure, LSA-C.C.P. Arts. 966-969, is largely based. With reference to the specific problem of a summary judgment on the issue of liability alone, Federal Rule 56(c) originally provided that summary judgment should be entered if it appeared that "except as to the amount of damages" there was no genuine issue as to any material fact and that the moving party was entitled to a judgment as a matter of law. As is stated in Barron and Holtzoff Fed. Practice and Procedure, Sec. 1241, page 194, "This provision caused some doubt as to whether a summary judgment might be rendered if there was a question as to the amount of damages. The subdivision was amended by" "omitting the phrase quoted above and adding the provision that a summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
Under the 1946 amendment to Federal Rule 56(c) the problem as to whether or not a summary judgment on the issue of liability alone could be granted, and if granted, whether such a judgment was interlocutory or final, and therefore appealable, was settled in the Federal courts.
However, Federal Rule 56(c) was omitted from our Code of Civil Procedure, as appears from the Official Revision Comment found under LSA-C.C.P. Art. 966 as follows:
"Fed.Rule 56(c) was considered unnecessary in Louisiana. Such a provision is helpful in federal litigation, where otherwise all issues would have to go to the jury if there is an issue as to the amount of damages, with the consequent waste of the time of the court and attorneys. But in Louisiana, where civil jury trials are a rarity and the entire case usually is tried by the judge alone, no appreciable saving of time would be effected through such a provision."
Applicable here is the rule of statutory construction that where our legislature adopts a new law, using as a source a statute which has already been adopted in another state or by our Federal Government, and omits provisions of said source statute, then it must be construed that the intention of our legislature was not to adopt the omitted portion. Simmesport State Bank v. Scallan, 134 So.2d 391 (3rd Cir. App.1961).
*102 Applying the above principal of law to the instant case, it is apparent that our legislature and the redactors of our Code of Civil Procedure intentionally omitted, as unnecessary in Louisiana, any provision for summary judgment on the issue of liability alone. Furthermore, any construction permitting summary judgment on the issue of liability alone, under the general provisions of LSA-C.C.P. Art. 966 that summary judgments may be rendered "for all or part of the relief for which he has prayed" would defeat the prime purpose of all of our new rules of procedure which is to secure the just, speedy and inexpensive determination of every action. This is true because, as stated above, LSA-C.C.P. Art. 968 states categorically that summary judgments are final judgments and as such they are appealable. If we were to allow the appeal of a summary judgment on the issue of liability alone, it would of course result in piecemeal appeals and completely frustrate the very purpose of the summary judgment procedure.
In addition to the above reasons, it appears that a close reading of LSA-C.C.P. Art. 966 will show that a summary judgment may be granted for all or part "of the relief for which he has prayed". In the instant case, the only "relief" for which plaintiff has prayed is a money judgment. The summary judgment granted no such relief, in whole or in part. Actually the summary judgment in the instant case simply ruled on plaintiff's cause of action but did not grant any of the relief for which he prayed. The distinction between a "cause of action" and the "relief" prayed for is well defined in our law. LSA-C.C.P. Arts. 421, 891, 862. For general discussions see Daniels v. Thomas, 10 Cir., 225 F.2d 795, certiorari denied, 76 S.Ct. 303, 350 U.S. 932, 100 L.Ed. 815; Tonn v. Inner Shoe Tire Co., Tex.Civ.App., 260 S.W. 1078; California Trust Co. v. Cohn, 214 Cal. 619, 7 P.2d 297.
It is therefore our conclusion that the trial court was in error in granting plaintiff's motion for summary judgment as to the issues of liability alone. The said summary judgment must therefore be annulled and set aside and consequently cannot be appealed.
For the reasons assigned, the summary judgment rendered in these proceedings by the district court of date November 10, 1961, is annulled and set aside and this case is remanded to the lower court for further proceedings in accordance with this decree. All costs incident to this writ are assessed against the plaintiff-respondent.
Summary judgment annulled and case remanded.