363 So.2d 719 (1978)
Gerald G. SMITH, Plaintiff-Appellee,
v.
The HANOVER INSURANCE COMPANY, Defendant-Appellant.
No. 13632.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1978.
Blanchard, Walker, O'Quin & Roberts by Jerald L. Perlman, Shreveport, for defendant-appellant.
Jack D. Barnett, Shreveport, for plaintiff-appellee.
Before BOLIN, HALL and MARVIN, JJ.
*720 HALL, Judge.
This appeal by the defendant insurance company is from a partial summary judgment in favor of the plaintiff insured, adjudging that uninsured motorist coverage exists under the undisputed facts of the case and leaving for future trial and determination the issues of fault on the part of the drivers of the vehicles involved and the amount of plaintiff's damages. Without considering the merits of the coverage issue, this court reverses and sets aside the judgment because procedural law does not provide for or allow a partial summary judgment which decides only a legal issue in the case and neither grants nor denies any of the relief claimed by any party.
Plaintiff filed suit against his insurer seeking to recover benefits under the uninsured motorist provisions of the policy covering his personal automobile. Plaintiff was injured in an accident resulting from the collision of two Bossier City fire trucks, in one of which plaintiff was riding in the course and scope of his employment as a Bossier City fireman. The liability insurer of the city vehicles denied coverage.
Defendant filed a motion for summary judgment contending plaintiff is not entitled to recover under the uninsured motorist provisions, which provide that the company will pay all sums which the insured shall be legally entitled to recover from the owner of an uninsured highway vehicle, because (1) the insured is not legally entitled to recover from the owner of the vehicles involved since his exclusive remedy against the owner, his employer, is for workmen's compensation benefits; and (2) the definition of "uninsured highway vehicle" excludes a vehicle furnished for the regular use of the insured, and the fire truck was furnished for plaintiff's regular use.
Plaintiff also filed a motion for summary judgment, praying that the uninsured motorist coverage be recognized as applicable to the injuries sustained by him.
In a written opinion the trial court held that there was coverage and overruled defendant's motion for summary judgment. It granted plaintiff's motion for summary judgment "to the extent that he be permitted to attempt to establish fault on the part of one of the `uninsured motorists' involved in the accident in which he was injured, and the extent of his damages with a right of recovery against his own insurer, Hanover, under the uninsured motorist provisions of his own policy." Judgment was rendered accordingly. No appeal could be taken from the judgment overruling defendant's motion for summary judgment under the express provisions of LSA-C.C.P. Art. 968. However, defendant perfected a suspensive appeal from the judgment granting summary judgment in favor of the plaintiff.
Both parties briefed and argued the merits of the coverage issue. This court, on its own motion, questioned whether the judgment appealed from is an appealable judgment since it decides only one issue in the case, leaving other issues undecided, and neither grants nor denies any of the relief claimed by either party. The court invited the filing of supplemental briefs on the issue of the court's jurisdiction.
It is evident that the isolated issue of insurance coverage is not ripe for merit-consideration on appeal at this time. Thus, the case should go back to the trial court because either the partial judgment is not appealable or the partial judgment is inappropriate procedurally. Defendant's supplemental brief zeros in on the problem created by this "piecemeal" judgment and appeal. Defendant takes the position that the judgment is appealable and the Appellate court has jurisdiction, but the judgment rendered is not authorized by procedural law and, therefore, should be set aside. We believe this approach represents the correct resolution of the problem.
LSA-C.C.P. Art. 968 provides that summary judgments are final judgments. LSA-C.C.P. Art. 2083 provides that an appeal may be taken from a final judgment. Since the partial judgment appealed from in this case purports to be a summary judgment and, therefore, a final judgment, the judgment is appealable and this court has jurisdiction. Beckham v. Hartford Accident *721 & Indemnity Company, 137 So.2d 99 (La.App.3d Cir. 1962).
The plaintiff or defendant may move for summary judgment in his favor, "for all or part of the relief for which he has prayed." LSA-C.C.P. Art. 966. It is clear that a summary judgment may grant less than all of the relief prayed for. LSA-C.C.P. Arts. 968 and 1915. However, a summary judgment must grant at least some of the relief prayed for by one of the parties. The plaintiff prayed for a money judgment against the insurance company. Plaintiff's motion for summary judgment requested no such relief and the summary judgment granted no such relief in whole or in part. Therefore, the partial summary judgment which neither grants nor denies any of the relief claimed by the moving party is not authorized under the Code of Civil Procedure.
Plaintiff's use of the motion for summary judgment to obtain a ruling on his cause of action without seeking any part of the relief he claims is an unauthorized use of a procedural vehicle and illustrates the problem of piecemeal adjudication and appeal which can result from the misuse of provisions intended to streamline our civil procedure. The judgment must be set aside and the case remanded, without merit-consideration of the coverage issue. Compare Walker v. Western-Southern Life Insurance Company, 361 So.2d 892 (La.App.2d Cir. 1978) in which a judgment sustaining a partial exception of no cause of action was set aside and the case remanded.
The Beckham case cited supra, is almost totally on all fours with the case at bar. In that case the district court granted summary judgment in favor of the plaintiff on the issue of liability, leaving undetermined the issue of quantum. On writs, the Court of Appeal set aside the judgment and remanded the case, holding:
". . . any construction permitting summary judgment on the issue of liability alone, under the general provisions of LSA-C.C.P. Art. 966 that summary judgments may be rendered `for all or part of the relief for which he has prayed' would defeat the prime purpose of all of our new rules of procedure which is to secure the just, speedy and inexpensive determination of every action. This is true because, as stated above, LSA-C.C.P. Art. 968 states categorically that summary judgments are final judgments and as such they are appealable. If we were to allow the appeal of a summary judgment on the issue of liability alone, it would of course result in piecemeal appeals and completely frustrate the very purpose of the summary judgment procedure.
"In addition to the above reasons, it appears that a close reading of LSA-C.C.P. Art. 966 will show that a summary judgment may be granted for all or part `of the relief for which he has prayed'. In the instant case, the only `relief' for which plaintiff has prayed is a money judgment. The summary judgment granted no such relief, in whole or in part. Actually the summary judgment in the instant case simply ruled on plaintiff's cause of action but did not grant any of the relief for which he prayed. The distinction between a `cause of action' and the `relief' prayed for is well defined in our law. LSA-C.C.P. Arts. 421, 891, 862. For general discussions see Daniels v. Thomas, 10 Cir., 225 F.2d 795, certiorari denied, 350 U.S. 932, 76 S.Ct. 303, 100 L.Ed. 815; Tonn v. Inner Shoe Tire Co., Tex.Civ.App., 260 S.W. 1078; California Trust Co. v. Cohn, 214 Cal. 619, 7 P.2d 297.
"It is therefore our conclusion that the trial court was in error in granting plaintiff's motion for summary judgment as to the issues of liability alone. The said summary judgment must therefore be annulled and set aside and consequently cannot be appealed."
See also Stevens v. State Mineral Board, 255 La. 857, 233 So.2d 542 (1970) in which the Supreme Court held that Article 966 was not intended to be used to permit "piecemeal" trial of cases.
Louisiana's traditional procedural policy, reflected in the Code of Civil Procedure, disfavors the piecemeal trial and appeal of *722 cases except where expressly permitted by statute. In several cases where the issue of negligence or liability alone has been tried and adjudicated, the judgment determining the issue has been held to be a nonappealable interlocutory judgment. In some cases the appeal was dismissed. In other cases the judgment was set aside and the case remanded, but in all of the cases the merit-determination by the trial court was not reviewed. Deltic Farm & Timber v. Bd. of Com'rs, etc., 353 So.2d 1105 (La.App.2d Cir. 1977); Celestine v. Hub City Motors, Inc., 327 So.2d 700 (La.App.3d Cir. 1976); Bettencourtt v. Boyd, 209 So.2d 339 (La.App.1st Cir. 1968); Jeansonne v. Willie, 188 So.2d 170 (La.App.4th Cir. 1966). See also McDonald v. Book, 215 So.2d 394 (La.App.3d Cir. 1968), overruled in part by Celestine. See also Tate, Work of Appellate Courts, 1968-1969, 30 La.L.Rev. pp. 298-301.
For the reasons assigned, the summary judgment in favor of the plaintiff is reversed and set aside, plaintiff's motion for summary judgment is overruled, and the case is remanded for further proceedings. Costs are to await the final determination of the cause.
Reversed and remanded.