MARVIN, Judge.
The defendant, an employee of Olinkraft, appeals a summary judgment against him in favor of Olinkraft’s group insurer for $7,166, the total of periodical disability benefits paid the employee by the insurer under the group policy. This policy provided benefits for a non-work disability but not for a disability which was covered by the worker’s compensation law.
After the insurer began paying disability benefits, the employee sued the employer in a worker’s compensation action, alleging that his disability was work-connected. After the employee’s worker’s compensation action was filed, the group insurer filed this action to recover the group disability benefits paid the employee.
The worker’s compensation action was still pending when the summary judgment here appealed was rendered. The issues there are not directly before us, although the employee contends here that we should withhold our opinion in this appeal until the forthcoming appeal by the employer of the worker’s compensation action can be heard. In this respect the employee argues, that he is entitled to benefits, either under the policy or under the worker’s compensation law, and that he should not be cast in judgment in this case until the issue of whether or not the disability was work-connected is resolved for both cases.
The employee’s predicament is self-inflicted. Besides alleging in his worker’s compensation action that the disability was work-connected, the employee has admitted in depositions in this action that he knew the difference between the two coverages and that group disability benefits were not provided for work-connected disability. He said he knowingly made a false statement when he claimed the group disability benefits because he was in financial straits and because he considered these benefits would be more quickly paid than would worker’s compensation benefits.
Notwithstanding these admissions, the employee argues that his “reasons” for *450 claiming group disability and the group insurer’s reasons “why” the employee was required to agree to reimburse the group insurer in the event he was awarded worker’s compensation benefits for the disability, “demonstrate . . . material issues of fact that have not been resolved.” These respective “reasons”, in our opinion, are irrelevant to the question of whether the admissions show no genuine issue of material fact. CCP 966. The material factual issue is whether the employee falsely led the group insurer to pay benefits because of a work-connected disability, a condition that is expressly excluded by the group policy. Since the employee candidly admits this, the only question is whether the group insurer is entitled to summary judgment as a matter of law. CCP 966. CC Art. 2301 provides that he who knowingly receives what is not due is obligated to repay it. See also articles following and particularly 2311.
This summary judgment correctly grants the plaintiff-group insurer all of the relief it prayed for, that is, a money judgment for the amount the employee misled the insurer into paying. CCP 966, 968, 1915, 2083. Even though this action was consolidated with the employee’s worker’s compensation action, summary judgment in this action is proper. See Smith v. Hanover Insurance Company, 363 So.2d 719 (La.App.2d Cir. 1978). The employee’s motion to stay further proceedings in this appeal pending our consideration of the appeal in the worker’s compensation action is denied, and the judgment, at appellant’s cost, is
AFFIRMED.