WATKINS, Judge.
This appeal grows out of a concursus proceeding provoked by the City of Baton Rouge and the Parish of East Baton Rouge (City-Parish) to have judicially determined the rights of third parties in and to the sum of $1,094,342.14, which amount was deposited with the Clerk of Court for the Parish of East Baton Rouge, who is made one of the defendants herein.
Charles Carter and Company, Inc. contracted with the City-Parish in May 1973 to construct the present Governmental Building. Notice of Acceptance by the City-Parish was filed on November 28, 1977. Within a short period of time thereafter, liens were filed totaling $2,588,713.97.
*756 By order of the court, the City-Parish was granted leave to deposit the sum of $1,094,342.14 into the registry of the court, and subsequently was ordered to augment this sum in the amount of $204,234.63, thereby increasing the total to $1,298,-576.77.
After contradictory proceedings were held, the lower court ultimately entered judgment against Charles Carter and Company, Inc., his surety, Insurance Company of North America, and the City of Baton Rouge and the Parish of East Baton Rouge in the amount of $293,610.24. This judgment represented recognition of the claims of five lienholders:
AMOUNT AMOUNT SOUGHT AWARDED
1. Southern Steel Company $ 1,412.50 $ 1,412.50
2. Gulf States Utilities 16,320.33 6,251.94
3. Menzie Tile Co., Inc. 62,766.38 17,683.90
4. Saia Electric, Inc. 211,355.49 211,000.00
5. Viccinelli Sheet Metal & Roofing Co., Inc. 57,261.90 57,261,90
TOTAL $349,116.60 $293,610.24
Yet to be decided are the claims of six other lienholders, of whom only one, Pierce-King, has appealed:
1. Pierce-King, A Joint Venture
2. International Stone & Erectors, Inc.
3. Orleans Material & Equipment Company, Inc.
4. Babst Services, Inc.
5. Vance Louque, Painting Contractor
6. Louisiana Glass Company
Pierce-King filed in its answer in the trial court a counter-claim against the City of Baton Rouge and Parish of East Baton Rouge in the sum of $204,234.63. This is precisely the additional sum that was subsequently deposited after concursus proceedings were initiated, as we noted before. Other counter-claims and cross-claims as between various subcontractors on varying tiers were filed, but only Pierce-King has appealed. We are, therefore, unable to find that any subcontractors who are parties appellant have any outstanding claims against subcontractors who are appellees, and we do not base our decision upon this factor.
However, the judgment of the trial court in this ease was only a partial judgment, rendered after only a partial trial which heard the claims of only some of the claimants, the claims of the other claimants to be heard and decided at a later date. Under the Code of Civil Procedure, a partial judgment may be rendered in only four situations. The pertinent provision is LSA-C. C.P. art. 1915, which reads as follows:
“A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or in-terveners;
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969;
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969; or
(4) Renders judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.”
The situation presented in this case does not fall within any of the types of situations in which a partial judgment is permitted. The situation that confronted this court in the recently decided case of City of Baton Rouge v. Cannon, 376 So.2d 994 (La. App. 1st Cir. 1979), in which this court affirmed a partial judgment that had been rendered in a concursus proceeding differs from the present situation because in that case the judgment was rendered on a motion for summary judgment, and the quoted article of the Code of Civil Procedure specifically permits a partial judgment to be rendered on motion for summary judgment. The present partial judgment was rendered after a partial trial on the merits. The *757 Codal article does not permit partial judgment in that situation. We can find no other jurisprudential holding that could conceivably be construed to permit the granting of partial judgment in the present situation.
Therefore, the decision of the trial court granting partial judgment in the present concursus proceeding is reversed, and the case remanded to the trial court with instructions not to grant a judgment in the matter until the claims of all claimants are tried and decided.
The assessment of costs for this appeal to await final decision by the trial court.
REVERSED AND REMANDED.