FORET, Judge.
Plaintiff, Frank C. Lofaso, was injured in an auto accident on August 12, 1985. The driver of the other vehicle involved in the accident was Rhonda L. Granger, an employee of A Professional Answering Service, Inc. (Professional Answering). Lofa-so filed a petition for declaratory relief, requesting that the trial court find that Granger was in the course and scope of her employment or acting as agent or on a mission for Professional Answering at the time of the accident. Additionally, Lofaso, by petition for declaratory relief, requested a ruling from the trial court finding that Boston Old Colony Insurance Company, Professional Answering’s insurer, provided coverage for the claims asserted by Lofaso in connection with this accident.
Judgment was rendered, ruling that “BOSTON OLD COLONY INSURANCE COMPANY, as the liability insurer of A PROFESSIONAL ANSWERING SERVICE, INC., provides liability insurance coverage to A PROFESSIONAL ANSWERING SERVICE, INC. for the claims asserted by plaintiff, FRANK C. LOFASO, *519 against A PROFESSIONAL ANSWERING SERVICE, INC. and BOSTON OLD COLONY INSURANCE COMPANY, as the liability insurer of A PROFESSIONAL ANSWERING SERVICE, INC.”
Boston Old Colony Insurance Company, defendant and appellant herein, appeals this judgment of the trial court. Based upon our review of the record, we find that the judgment appealed from does not determine the merits of the case, in whole or in part. Therefore, this judgment is a partial final judgment which is not authorized by La.C.C.P. art. 1915 and which encourages' piecemeal litigation. Thus, the judgment is vacated and the case is remanded to the trial court for further proceedings consistent with this opinion.
FACTS
Plaintiff, Frank C. Lofaso, filed his original petition for damages naming Rhonda Granger; Republic Vanguard Insurance Company, Granger’s automobile liability carrier; and American General Fire & Casualty Company, Lofaso’s automobile liability carrier, as defendants. Subsequently, by his supplemental and amending petition, Lofaso named Granger’s employer, A Professional Answering Service, Inc., and its insurer, Boston Old Colony Insurance Company, as additional defendants.
Lofaso then filed the petition for declaratory relief discussed above against Boston Old Colony. Essentially, this petition is a supplemental petition praying for declaratory relief rather than damages. For reasons unbeknownst to this Court, Lofaso’s petition for declaratory relief came on for hearing in a proceeding unrelated to the trial on the merits and unrelated to the prior petitions of Lofaso. After the submission of depositions and argument, the trial court granted judgment in favor of Lofaso and against Boston Old Colony Insurance Company. Boston appeals this judgment.[1]
ASSIGNMENT OF ERROR
Boston, appellant herein, contends that the trial court erred in granting Lofaso’s request for declaratory relief without holding a full trial on the merits. We agree and, as such, vacate the judgment of the trial court and remand for a trial on the merits as to all-issues joined.
DISCUSSION
C.C.P. art. 1915 outlines those situations in which a partial final judgment after a partial trial may be rendered, as follows:
“A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969.
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.”
See also City of Baton Rouge v. Cannon, 393 So.2d 755 (La.App. 1 Cir.1980) (judgment reversed, case remanded with instructions not to grant judgment until the claims *520 of all claimants have been tried and decided).
Plaintiffs petition for declaratory relief requests a finding by the court that Gran-ger was in the course and scope of her employment at the time of the accident and, additionally, a finding that the insurance carried by that company, Professional Answering, covered the claims of plaintiff. Both of these issues will necessarily be decided on a trial of the merits and, as such, the petition for declaratory relief presents no issues in addition to those arising out of plaintiffs petition for damages. See Brown v. Mayfield, 45 So.2d 912 (La.App. 2 Cir.1950); Erath Sugar Co. v. Broussard, 240 La. 949, 125 So.2d 776 (1961).
This case may be analogized to Strauss v. Rivers, 501 So.2d 876 (La.App. 5 Cir.1987). In Strauss, the defendant’s insurer moved for summary judgment on the issue of coverage, which was denied. The parties then agreed to a “bifurcated trial” to resolve these disputed issues of fact after which the trial court rendered a judgment holding that the defendant’s insurance policy provided coverage at the time of the accident. The defendant’s insurer appealed.
The Fifth Circuit annulled and set aside the judgment and remanded the case for further proceedings, noting as follows:
“We first note that the judgment purports to be a final judgment in a ‘bifurcated trial’ on the issue of liability, as provided by La.Code Civ.Pro. art. 1562, and thus a partial final judgment under La.Code Civ.Pro. art. 1915(A)(5). As such, it is an appealable judgment. Cf. Smith v. Hanover Ins. Co., 363 So.2d 719 (La.App. 2nd Cir.1978).
We now turn to the essential question of whether the judgment is one authorized in our procedural laws. In Smith supra, the court addressed the question of whether a summary judgment could be rendered which determined that uninsured motorist coverage applied to the injuries sustained by the plaintiff. It determined that such a judgment was not authorized by La.Code Civ.Pro. art. 966, because it did not grant all or part of the money judgment for which plaintiff prayed. The court further analogized the judgment before it to a then impermissible judgment on the issue of liability, but not damages, and noted that such judgments promoted piecemeal litigation and thus frustrated prompt resolution of disputes. Although La.Code Civ.Pro. art. 1562, has since been enacted to permit separate trials of liability and damages, the rule of Smith remains: i.e., unless specifically authorized by the code of procedure, partial final judgments which do not grant all or part of the relief prayed for are not permitted.
Pertinent here is La.Code Civ.Pro. art. 1915, regarding partial judgments which may be entered. State Farm urges that the parties agreed to a ‘bifurcated trial’ and implies that this ‘trial’ went to the issue of liability as authorized by art. 1915(A)(5). We hold otherwise. The issue submitted for judgment did not concern liability, but only whether a policy of insurance was in effect. As such, it did not come within art. 1915(A)(5). The case is thus indistinguishable from Smith, supra, in that no procedural device exists which authorizes the judgment before us.”
Id., at page 877.
“The court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding.”
La.C.C.P. art. 1876.
“[PJiecemeal trials are neither favored nor authorized by our jurisprudence.” Leteff v. Maryland Casualty Co., 82 So.2d 80, 84 (La.App. 1 Cir.1955), writ denied, Nov. 7, 1955 (cite not found). Declaratory relief may only be granted via ordinaira. See C.O.S.T. v. St. Landry Parish School Bd., 528 So.2d 1048 (La.App. 3 Cir.1988). A litigant may not, by filing one type of ordinary action within another type, i.e., filing *521 a petition for declaratory relief in the same suit as an action for damages, deprive the defendant of a trial on the merits as to the declaratory action. Clearly, the defendant is entitled to such a proceeding.[2]
Insofar as the declaratory relief in this case encourages piecemeal litigation and discourages orderly proceedings, we find that the trial court, under these particular circumstances, erred in granting plaintiff a declaratory judgment rather than adjudicating the necessary factual issues in a trial of all the issues on the merits.[3]
CONCLUSION
Thus, we vacate the judgment of the trial court and remand this case for a trial on the merits as to all issues joined. Costs of this appeal are to be paid by plaintiff-appel-lee, Frank C. Lofaso. Costs at the trial level shall await final disposition of this matter.
DECREE
VACATED/REMANDED.

. The minutes reflect that the hearing on the petition for declaratory relief was heard together with a motion for summary judgment filed by Boston. The minutes reflect that this motion for summary judgment was denied but the record does not contain a judgment to this ef-feet. At the same hearing, Lofaso’s motion to sever Granger was heard and granted. Granger could not be located to be served with process and was thus severed therefrom, without opposition.

. See La.C.C.P. art. 1879, as follows:
"When a proceeding under Articles 1871 through 1883 involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.”

. If the plaintiff in this action had proceeded by motion for summary judgment, as to the issue of coverage, rather than by petition for declaratory judgment, which results in a final judgment (C.C.P. art. 1871), it is doubtful whether there would have been a right to an appeal solely on the issue of coverage without a showing of irreparable injury. See Med-Trans, Inc. v. Rockwood Ins. Co., Inc., 509 So.2d 602 (La.App. 3 Cir.1987) (the trial court granted plaintiff’s motion for summary judgment, finding that insurance policy afforded coverage to plaintiffs. Appeal dismissed — judgment is an interlocutory decree; no showing of irreparable harm); Henson v. Safeco Insurance Companies, et al, 569 So.2d 191 (La.App. 1 Cir.1990) (defendant insurer appealed grant of summary judgment in favor of plaintiff holding that defendant insurer provided plaintiff UM coverage. Court found judgment interlocutory, rather than final and no irreparable injury claimed or shown. Appeal dismissed); Pollard v. Champion Ins. Co., 532 So.2d 838 (La.App. 4 Cir.1988), writ denied, 533 So.2d 374 (La.1988) (trial court erred in signing order of appeal when summary judgment decided only issue of UM coverage. No final judgment without resolution on issue of liability).