DOMENGEAUX, Chief Judge.
MOTION TO DISMISS
This court issued a rule to show cause why the trial court’s judgment should not be reversed and vacated and the case remanded as an unauthorized partial final judgment.
The plaintiff, Lafayette Parish School Board, filed suit against several defendants including United Pacific Insurance Company, the insurer of Funding Benefits Administrative Services, Inc. The petition alleges that Funding Benefits Administrative Services, Inc. was the agent for Lafayette Life Insurance Company which procured insur-anee coverage from that company. Pursuant to the agreement, the premiums were sent to Funding Benefits Administrative Services, Inc. They were supposed to forward the payments to Lafayette Life Insurance Company. In late 1987, Funding Benefits failed to forward the premiums to the Lafayette Life Insurance Company. In March of 1988, Lafayette Life Insurance Company advised the school board that the premiums had not been paid and that the company was withdrawing all options for continuance of coverage. The school board alleged that it paid $224,110.25 in premiums to Funding Benefits, and that Funding Benefits failed to pay these premiums to Lafayette Life Insurance Company. United Pacific Insurance Company, the alleged liability insurer of Funding Benefits, filed an answer alleging that no coverage was afforded by United Pacific Insurance Company to Funding Benefits Administrative Services, Inc. at the time of the wrongdoing. The answer alleged that the coverage was cancelled prior to the alleged wrongful acts asserted against Funding Benefits. On July 19, 1990, the school board filed a Motion for Summary Judgment and in the Alternative a Petition for Declaratory Judgment seeking to declare that the United Pacific Insurance Company was the liability insurer of Funding Benefits Administrative Services, Inc. The school board sought to determine whether coverage was afforded under the policy at the time of the accident.
In lieu of live testimony, deposition testimony and exhibits were filed into the record. A hearing was held on December 21, 1990. Judgment was rendered on January 7, 1991 decreeing that declaratory relief be granted in favor of Lafayette Parish School Board finding that the purported cancellation by United Pacific Insurance Company of its policy issued to Funding Benefits Administrative Services, Inc. was invalid. It is from this judgment that United Pacific timely filed for an appeal of this judgment. On May 7, 1991, United Pacific filed a Motion for Clarification of Appeala-bility of Judgment and for Involuntary Dismissal of Appeal. On May 15, 1991, this *1208 court issued a rule to show cause why the judgment of the trial court dated January 7,1991, should not be reversed and vacated as an authorized partial final judgment citing Lofaso v. Granger, 574 So.2d 518 (La.App. 3 Cir.1991).
In Lofaso v. Granger, supra, plaintiff was injured in an auto accident and filed suit against the driver of the other vehicle and the driver’s employer, A Professional Answering Service. Lofaso then filed a petition for declaratory relief requesting that the trial court find the driver was in the course and scope of his employment and that the insurance company provided coverage for the claims asserted by the plaintiff in connection with the accident. A hearing on the declaratory relief was held and after submission of depositions and arguments the trial court granted judgment in favor of Lofaso and against the insurance company. The insurance company appealed from the judgment contending that the trial court erred in granting the plaintiffs request for declaratory relief without holding a full trial on the merits. This court found the lower court’s judgment to be a partial final judgment unauthorized by the Code of Civil Procedure. This court in discussing the merits of the case stated as follows:
DISCUSSION
C.C.P. art. 1915 outlines those situations in which a partial final judgment after a partial trial may be rendered, as follows:
“A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969.
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.”
See also City of Baton Rouge v. Cannon, 393 So.2d 755 (La.App. 1 Cir.1980) (judgment reversed, case remanded with instructions not to grant judgment until the claims of all claimants have been tried and decided).
Plaintiff’s petition for declaratory relief requests a finding by the court that Granger was in the course and scope of her employment at the time of the accident and, additionally, a finding that the insurance carried by that company, Professional Answering, covered the claims of plaintiff. Both of these issues will necessarily be decided on a trial of the merits and, as such, the petition for declaratory relief presents no issues in addition to those arising out of plaintiff’s petition for damages. See Brown v. Mayfield, 45 So.2d 912 (La.App. 2 Cir.1950); Erath Sugar Co. v. Broussard, 240 La. 949, 125 So.2d 776 (1961).
This case may be analogized to Strauss v. Rivers, 501 So.2d 876 (La.App. 5 Cir.1987). In Strauss, the defendant’s insurer moved for summary judgment on the issue of coverage, which was denied. The parties then agreed to a “bifurcated trial” to resolve these disputed issues of fact after which the trial court rendered a judgment holding that the defendant’s insurance policy provided coverage at the time of the accident. The defendant’s insurer appealed.
The Fifth Circuit annulled and set aside the judgment and remanded the case for further proceedings, noting as follows:
*1209 “We first note that the judgment purports to be a final judgment in a ‘bifurcated trial’ on the issue of liability, as provided by La.Code Civ.Pro. art. 1562, and thus a partial final judgment under La.Code Civ.Pro. art. 1915(A)(5). As such, it is an appeal-able judgment. Cf. Smith v. Hanover Ins. Co., 363 So.2d 719 (La.App. 2nd Cir.1978).
We now turn to the essential question of whether the judgment is one authorized in our procedural laws. In Smith supra, the court addressed the question of whether a summary judgment could be rendered which determined that uninsured motorist coverage applied to the injuries sustained by the plaintiff. It determined that such a judgment was not authorized by La. Code Civ.Pro. art. 966, because it did not grant all or part of the money judgment for which plaintiff prayed. The court further analogized the judgment before it to a then impermissible judgment on the issue of liability, but not damages, and noted that such judgments promoted piecemeal litigation and thus frustrated prompt resolution of disputes. Although La.Code Civ.Pro. art. 1562, has since been enacted to permit separate trials of liability and damages, the rule of Smith remains: i.e., unless specifically authorized by the code of procedure, partial final judgments which do not grant all or part of the relief prayed for are not permitted.
Pertinent here is La.Code Civ.Pro. art. 1915, regarding partial judgments which may be entered. State Farm urges that the parties agreed to a ‘bifurcated trial’ and implies that this ‘trial’ went to the issue of liability as authorized by art. 1915(A)(5). We hold otherwise. The issue submitted for judgment did not concern liability, but only whether a policy of insurance was in effect. As such, it did not come within art. 1915(A)(5). The case is thus indistinguishable from Smith, supra, in that no procedural device exists which authorizes the judgment before us.”
Id., at page 877.
“The court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding.”
La.C.C.P. art. 1876.
“[Pjiecemeal trials are neither favored nor authorized by our jurisprudence.” Leteff v. Maryland Casualty Co., 82 So.2d 80, 84 (La.App. 1 Cir.1955), writ denied, Nov. 7, 1955 (cite not found). Declaratory relief may only be granted via ordinaira. See C.O.S. T. v. St. Landry Parish School Bd., 528 So.2d 1048 (La.App. 3 Cir.1988). A litigant may not, by filing one type of ordinary action within another type, i.e., filing
a petition for declaratory relief in the same suit as an action for damages, deprive the defendant of a trial on the merits as to the declaratory action. Clearly, the defendant is entitled to such a proceeding.2
Insofar as the declaratory relief in this case encourages piecemeal litigation and discourages orderly proceedings, we find that the trial court, under these particular circumstances, erred in granting plaintiff a declaratory judgment rather than adjudicating the necessary factual issues in a trial of all the issues on the merits.3
In the present case, the trial court rendered a declaratory judgment in favor of the plaintiff against the insurance company finding the cancellation of coverage to be invalid. In this case as in Lofaso, the litigant has filed one type of ordinary action within another type of ordinary action (filing a petition for declaratory relief in the same suit as an action for damages). (See Lofaso v. Granger, supra.) The trial court’s declaratory judgment does not put an end to the lawsuit. A full trial on the merits must still be held on the liability and damage issues. The effect of the trial court’s judgment was to determine that United Pacific did provide coverage to *1210 Funding Benefits at the time of the wrongdoing. This issue need not be decided until Funding Benefits is found liable for the alleged wrongdoing. This issue should be decided with the other issues involved in the case after a full trial on the merits. To allow this issue to be decided and appealed prior to a hearing on all issues raised by the suit encourages piecemeal litigation, multiple appeals, and discourages orderly proceedings. In such a situation the pending appeal may also in some instances prolong the proceedings on the issues left to be decided in the lower court. For these reasons, we find that the trial court erred in granting plaintiff a declaratory judgment rather than adjudicating the necessary factual issues in a trial of all the issues on the merits.
Thus, we vacate the judgment of the trial court and remand this case for trial on the merits as to all issues joined. The costs of the appeal shall await final disposition of this matter.
DECREE VACATED/REMANDED.