STOKER, Judge.
This case presents two issues: whether the judgment in this case is a final, appeal-able judgment and, if so, whether the trial judge erred in holding that there is uninsured motorist coverage for plaintiff’s injuries under his automobile policy with Prudential.
We hold there is not a final, appealable judgment and remand for a trial on the merits. The issue of uninsured motorist coverage will not be considered in this appeal.
FACTS
This suit arises out of a two vehicle automobile accident. The plaintiff, Robert D. Williams, was a guest passenger in a 1979 Ford LTD owned and operated by Guy E. Williams. Robert filed his suit against Frederick R. Howard (the driver of the other vehicle and an uninsured motorist), and Prudential Property and Casualty Insurance Co. (Guy’s liability insurer). Robert alleges that Prudential provided uninsured motorist insurance coverage for Guy’s 1979 Ford LTD.
Prudential filed a motion for summary judgment contending it did not provide uninsured motorist coverage for Guy’s 1979 Ford LTD. The trial judge’s written, signed judgment denied Prudential’s motion for summary judgment and also held as follows:
“THE COURT FURTHER FINDS that the 1979 Ford LTD with a policy of uninsured motorist coverage with Prudential Property and Casualty Insurance Company on the date of accident.”
Prudential appeals the judgment insofar as it holds there is uninsured motorist coverage.
OPINION
Prudential contends on appeal that the trial judge erred in holding that its policy provided uninsured motorist coverage on the 1979 Ford LTD and in denying its motion for summary judgment. In so arguing, Prudential acknowledges, and we hold, that a judgment denying a motion for summary judgment is not a final, appeal-able judgment under LSA-C.C.P. art. 968. Therefore, we will not consider that issue. However, Prudential contends the judgment became final and appealable when the trial judge rendered a judgment on the issue of the policy’s coverage. We disagree.
A summary judgment may be rendered for all or part of the relief prayed for by the moving party. LSA-C.C.P. art. 966. However, a partial summary judgment which neither grants nor denies any of the relief prayed for by the moving party is not authorized under the Code of Civil Procedure. Such a judgment must be set aside and the case remanded, without merit consideration of the substantive issue. Smith v. Hanover Insurance Co., 363 So.2d 719 (La.App. 2d Cir.1978). Also Lafayette Parish School Bd. v. Surrency, 583 So.2d 1206 (La.App. 3d Cir.1991).
In the case before us, the moving party, Prudential, prayed to be dismissed from the suit on the basis that the policy does not provide uninsured motorist cover *1302 age. The judgment of the trial court denied the relief prayed for by the moving party and, in addition, held in favor of plaintiff, a non-moving party, on the issue of coverage. Such a judgment is clearly not authorized by LSA-C.C.P. art. 966.
Moreover, the judgment was an unauthorized partial judgment because it only determined the issue of coverage and did not determine the issue of Prudential's liability. Partial judgments may be rendered on the issues of liability or quantum. LSA-C.C.P. art. 1915(A)(5). Prudential can only be held liable if its insured, Guy Williams, is held liable. Since the extent of Guy William’s liability, if any, has not yet been determined, the judgment did not determine Prudential’s liability and, thus, a partial judgment was not authorized under LSA-C.C.P. art. 1915(A)(5). See Lofaso v. Granger, 574 So.2d 518 (La.App. 3d Cir.1991).
Therefore, no procedural device exists which authorizes the judgment before us. The judgment must be vacated and the case remanded for a trial on the merits. The issue of coverage can be determined therein and reviewed in an appeal following a determination of the merits.
CONCLUSION
For the reasons given, the judgment of the trial court as to the issue of policy coverage is vacated. The case is remanded for a trial on the merits as to all issues joined. Costs of this appeal are assessed one-half to defendant-appellant, Prudential, and one-half to plaintiff-appellee, Robert Williams.
VACATED and REMANDED.