11 SEXTON, Judge.
This is an appeal from the trial court action on a motion for summary judgment in a suit to annul. We vacate and remand for a trial on the merits.
Byron Reeves (hereinafter referred to as “Reeves”) and Kristie Reeves Walker (hereinafter referred to as ‘Walker”) were divorced on March 9, 1987. One child, Holly Reeves, was born of the marriage. Initially, the parties agreed to a joint custody plan with Walker designated as domiciliary parent and Reeves obligated to pay $150 per month in child support.
On May 6, 1987, Reeves was named domiciliary parent and on June 18, 1987, Reeves was awarded the sum of $150 per month child support from Walker, except during the months when she maintained custody of Holly.
On March 31, 1992, Reeves filed a rule to increase the child support, requesting that the support obligation be set in accordance with Louisiana’s Child Support Guidelines. However, the parties reached an agreement concerning child support and visitation on August 21, 1992, which was read into the record. The actual child support amount was not agreed upon at that time, but was to be reached by agreement between the parties according to the child support guidelines. The court ordered that the parties’ attorneys prepare a judgment and approve it both as to form and content.
On January 29, 1993, Walker received a letter from her attorney notifying her of his intent to withdraw as counsel, stating that there was nothing further to be done in her case. Walker continued paying child support at $150 per month.
On July 22, 1993, seven months later, and more than eleven months after the hearing to increase child support, Reeves’ attorney submitted a judgment interpreting the August 21, 1992, agreement of the parties. No agreement as to form or content was contained on the judgment which the judge signed. The judgment was made retroactive to the date of the filing of the motion to increase, March 31, 1992, and set|gchild support in the amount of $310 per month. No notice of these actions was given to Walker.
On November 24, 1993, Reeves filed a “Rule for Contempt and Wage Assignment” for the retroactive child support.
On December 15,1993, Walker filed a separate suit to annul the July 22, 1993, judgment and a request to stay the November 24, 1993, rule for contempt. The suit was based upon Walker’s assertions that the judgment was obtained by fraud or ill practices. The stay order was granted on December 16, 1993, pending resolution of the suit to annul.
Subsequently, both parties filed motions for summary judgment in the suit to annul. Walker requested that the 1993 judgment be *287 annulled, and Reeves sought to have Walker’s petition to annul the judgment dismissed with prejudice.
At the hearing on the motions for summary judgment on May 19, 1994, counsel for Mr. Reeves moved to consolidate the suit to annul the previous judgment with the suit in which the judgment complained of had been rendered.[1] No objection was made by counsel for Mrs. Walker and the court ordered the suits consolidated.
After hearing oral argument, the trial court ruled that it was granting summary judgment in Mrs. Walker’s favor ordering that the judgment sought to be annulled “be amended to reflect that she be given credit for one-half of the child support payments in all months of June, July and August.”[2] No mention was made by the trial judge in his oral ruling as to the merits of either Mrs. Walker’s motion for summary judgment or that of Mr. Reeves. The judgment signed by the trial court on July 5, 1994, | ^amended the summer support in the challenged judgment retroactively and denied Mrs. Walker’s motion for summary judgment. Again, there was no mention of the Reeves motion.
Walker appeals the trial court action in regard to the motion for summary judgment filed by her. She claims that the actions of her ex-husband and his attorney in securing the July 22, 1993, judgment constituted “fraud or ill practices” due to her inability to review the judgment prior to submission. She thus contends error in the trial court’s failure to grant her summary judgment in this respect.
DISCUSSION
A summary judgment may be rendered for all or part of the relief prayed for by the moving party. LSA-C.C.P. Art. 966. However, a partial summary judgment which neither grants or denies any part of the relief prayed for by the moving party is not authorized by the Code of Civil Procedure. Smith v. Hanover Insurance Co., 363 So.2d 719 (La.App. 2d Cir.1978); Williams v. Howard, 598 So.2d 1300 (La.App. 3d Cir.1992). Therefore, it is essential to the validity of a summary judgment that at least some of the relief prayed for by one of the parties is granted. Landry v. John E. Graham & Sons, Inc., 533 So.2d 975 (La.App. 1st Cir. 1988), writ denied, 534 So.2d 431 (La.1988). A judgment denying a motion for summary judgment is not a final appealable judgment. LSA-C.C.P. Art. 968.
A threshold issue is whether, as Walker argues, the modification of the July 22,1993, judgment by the trial court amounts to a partial granting of Walker’s motion for summary judgment thereby creating an ap-pealable judgment. While we doubt the validity of her argument, we do not reach it because it is clear that the modification neither grants nor denies any part of the relief sought by plaintiff in her suit to annul the judgment. The jurisprudence is clear that such failure amounts to an unauthorized | ¿use of a procedural vehicle and is inappropriate since she has not obtained any relief sought. This judgment is therefore not authorized by our Code of Civil Procedure.[3]
Merit consideration of the substantive issues is therefore not warranted. For our purposes, neither party has received any relief that was sought in the trial court. Consequently, we are required to vacate the judgment appealed and remand this case for trial on the merits. Smith v. Hanover Insurance Co., supra; Williams v. Howard, supra.
We note that upon the trial on the merits of this matter, the trial court should consider that the Louisiana Supreme Court has defined “fraud or ill practices” (whieh justify the annulment of a final judgment) as when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief and when the enforcement of the judgment *288 would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield 434 So.2d 1067 (La.1983); Burkett v. Property of Douglas, 575 So.2d 888 (La.App. 2d Cir.1991). This court has held that the annulment of a judgment pursuant to the provisions of C.C.P. Art. 2204 is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable or inequitable. Dismuke v. Quaynor, 25,482 (La.App. 2d Cir. 4/5/94) 637 So.2d 555, writ denied, 94-1183 (La. 7/1/94), 639 So.2d 1164; In Re S.R. and D.J.R., 582 So.2d 956 (La.App. 2d Cir.1991), writ denied, 585 So.2d 574 (La.1991). Further, when ill practices are alleged, the court must examine the case from an equitable Isriewpoint to determine whether the party seeking annulment has met the burden of showing “how he was prevented or excused” from asserting his claims or defenses. Homer National Bank v. Nix, 566 So.2d 1071 (La.App. 2d Cir.1990), writ denied, 569 So.2d 985 (La.1990); Gramm v. Brock, 430 So.2d 199 (La.App. 2d Cir.1983). Assessment of costs of this appeal are held in abeyance pending a ruling on the merits.
JUDGMENT VACATED; REMANDED FOR TRIAL ON THE MERITS.

. The original suit bears the number 66,373 on the docket of the 26th Judicial District Court for the Parish of Bossier. The suit to annul bears the docket number 88,312 in the same court.

. Interestingly, nothing in Ms. Walker's suit to annul specifically complained of the failure of the judgment to reduce child support during the summer months when Mrs. Walker had domiciliary custody.

.Of course, Reeves has not appealed, and he cannot appeal the denial of his motion for summary judgment. Sun Finance Co., Inc. v. Jackson, 525 So.2d 532 (La.1988).