501 So.2d 876 (1987)
Grace L. STRAUSS, Wife of Donald Strauss
v.
William RIVERS, State Farm Mutual Automobile Insurance Company and Republic Vanguard Insurance Company.
No. 86-CA-422.
Court of Appeal of Louisiana, Fifth Circuit.
January 12, 1987.
David Pick, Gretna, for plaintiff-appellee.
Robert F. Lakey, Porteous, Hainkel, Johnson & Sarpy, New Orleans, Catherine J. Soutullo, Gretna, for defendant-appellee.
John Robert Sarpy, Jr., Metairie, for defendant-appellant.
Before DUFRESNE, WICKER and GOTHARD, JJ.
DUFRESNE, Judge.
The sole issue before us is whether a judgment, holding that defendant insurer *877 had a policy of automobile insurance in effect at the time its insured allegedly injured plaintiff, is a judgment authorized by our laws. Because we find that the judgment is not authorized, it is hereby vacated and annulled, without consideration of the merits, and the case is remanded for further proceedings.
The facts are that Grace Strauss, plaintiff, sued William Rivers (now deceased), and his alleged insurer, State Farm Automobile Insurance Co. State Farm denied coverage, and moved for summary judgment on this issue. The trial court denied the motion on the grounds that there were material issues of fact in dispute. All parties thereupon agreed to what was styled a "bifurcated trial" to resolve these disputed issues of fact. After this "trial" the court rendered judgment holding that State Farm did provide coverage on Rivers' automobile at the time of the alleged accident. State Farm now appeals that judgment, and the administrator of Rivers' succession moved to have the appeal dismissed on the grounds that it is an interlocutory judgment and therefore not appealable.
We first note that the judgment purports to be a final judgment in a "bifurcated trial" on the issue of liability, as provided by La.Code Civ.Pro. art. 1562, and thus a partial final judgment under La. Code Civ.Pro. art. 1915(A)(5). As such, it is an appealable judgment. Cf. Smith v. Hanover Ins. Co., 363 So.2d 719 (La.App. 2nd Cir.1978).
We now turn to the essential question of whether the judgment is one authorized in our procedural laws. In Smith supra, the court addressed the question of whether a summary judgment could be rendered which determined that uninsured motorist coverage applied to the injuries sustained by the plaintiff. It determined that such a judgment was not authorized by La.Code Civ.Pro. art. 966, because it did not grant all or part of the money judgment for which plaintiff prayed. The court further analogized the judgment before it to a then impermissible judgment on the issue of liability, but not damages, and noted that such judgments promoted piecemeal litigation and thus frustrated prompt resolution of disputes. Although La.Code Civ.Pro. art. 1562, has since been enacted to permit separate trials of liability and damages, the rule of Smith remains: i.e., unless specifically authorized by the code of procedure, partial final judgments which do not grant all or part of the relief prayed for are not permitted.
Pertinent here is La.Code Civ.Pro. art. 1915, regarding partial judgments which may be entered. State Farm urges that the parties agreed to a "bifurcated trial", and implies that this "trial" went to the issue of liability as authorized by art. 1915(A)(5). We hold otherwise. The issue submitted for judgment did not concern liability, but only whether a policy of insurance was in effect. As such, it did not come within art. 1915(A)(5). The case is thus indistinguishable from Smith, supra, in that no procedural device exists which authorizes the judgment before us.
We therefore hold that the judgment appealed from be annulled and set aside, and the case remanded for further proceedings. Costs of these proceedings to await the final outcome of the case.
JUDGMENT VACATED; REMANDED FOR FURTHER PROCEEDINGS.