509 So.2d 602 (1987)
MED-TRANS, INC., et al., Plaintiffs-Appellees,
v.
ROCKWOOD INS. CO., INC., Defendant-Appellant.
No. 86-1280.
Court of Appeal of Louisiana, Third Circuit.
May 6, 1987.
*603 Donald Soileau, Mamou, Donald Mayeux, Eunice, for plaintiffs-appellees.
Nick Cannady, III of Onebane and Assoc., Wendy Weems Tate, Lafayette, for defendant-appellant.
Before CULPEPPER, J., Pro Tem., STOKER and KNOLL, JJ.

MOTION TO DISMISS
WILLIAM A. CULPEPPER[*], Judge, Retired, Pro. Tem.
The plaintiff-appellee, Med-Trans, Inc., moves to dismiss the appeal of the defendant-appellant, Rockwood Insurance Company (Rockwood), on the grounds that this Court has already ruled on the matter on appeal by way of a previous supervisory writ (No. 86-1282).
This litigation involves a worker's compensation claim by Elwanda Fontenot and Med-Trans, Inc., her employer, against Rockwood. Rockwood refused to pay any compensation to Ms. Fontenot, allegedly based upon a policy exclusion, but Med-Trans, Inc. did pay Ms. Fontenot compensation benefits. Therefore, suit was filed by both Ms. Fontenot and Med-Trans, Inc. against Rockwood.
On September 5, 1986, the trial court granted the plaintiffs' motion for summary judgment, and found that the insurance policy in question, issued by Rockwood, afforded coverage to Med-Trans, Inc. and its employee, Ms. Fontenot.
During the course of this litigation, Rockwood applied to this court for supervisory writs concerning three interlocutory matters, after the trial court denied Rockwood's motions on these matters. Those issues were the sufficiency of the plaintiffs pleadings, whether the plaintiffs were in contempt concerning a discovery dispute, and whether plaintiffs' counsel could properly represent the plaintiffs without violating the Code of Professional Responsibility. This court found no apparent errors to exist in the interlocutory judgments, and thus the writ was denied.
Rockwood applied for a new trial concerning the summary judgment, which was denied on November 5, 1986, and subsequently filed a motion for a suspensive appeal from the judgment signed on September 5, 1986. The mover then filed the instant motion to dismiss on March 16, 1987.
*604 This court has never reviewed the issues inherently contained in the trial court's judgment signed on September 5, 1986, i.e., whether or not Rockwood's policy afforded the plaintiffs coverage. We fail to understand how the previously ruled upon interlocutory matters would bar the appellant from appealing the summary judgment rendered against the appellant, if it is a partial final judgment. LSA-C.C.P. Art. 1915.
This court now raises the issue of subject matter jurisdiction which cannot be waived by the parties, and thus the court is obligated to notice ex proprio motu. St. Cyr v. Boland, 34 So.2d 69 (La.App.Orl. 1948), LSA-C.C.P. Art. 925. The reason for this, is that the judgment appealed does not find Rockwood liable, nor condemns Rockwood to pay any amount of money to either of the appellees. This judgment merely finds that Rockwood's policy afforded Ms. Fontenot coverage. Her injury or disability has not been adjudged by the court below, therefore no liability has been established, thus this is not a final appealable judgment as envisioned by LSA-C.C.P. Arts. 966, 968, 1915, and 2083.
This court recently granted a writ and held that a judgment finding a selection of uninsured motorists limits equal to the bodily injury limits was an improper use of the summary judgment procedure. Breaux v. Insured Lloyds Insurance Company, 505 So.2d 1188 (La.App. 3rd Cir.1987). The rationale for that decision was twofold. First, the granting of a summary judgment must accord a party all or part of the relief prayed for, i.e., establishing liability or damages. LSA-C.C.P. Arts. 966, 968, 2083, 1915, subd. A(3) & (5). Secondly, unless specifically authorized by the Code of Civil Procedure, partial final judgments which do not grant all or part of the relief prayed for are not permitted, for as to do so would promote piecemeal litigation that frustrates the prompt resolution of issues, and uneconomically uses judicial time and effort. Strauss v. Rivers, 501 So.2d 876 (La.App. 5th Cir.1987).
This judgment is much more characteristically an interlocutory judgment rather than a final judgment, if the articles of the Code of Civil Procedure are read in pari materia, as no relief is granted to the appellees, even though part of the merits of the case have been decided by the judgment signed by the trial court. See LSA-C.C.P. Arts. 1841, 966, 968, 2083, 1915, Strauss, supra at 877.
As this judgment is an interlocutory judgment, the appellant is entitled to an appeal if the appellant would suffer some irreparable harm. LSA-C.C.P. Art. 2083. It is clear that Rockwood will be able to appeal the trial court's findings of coverage to this court if there is a final judgment that finds Rockwood liable to the appellees, thus Rockwood has an adequate remedy by a proper appeal at a later date.
The judgment appealed is thus not a partial final judgment as permitted by the Code of Civil Procedure, and this court has no subject matter jurisdiction under its appellate jurisdiction. Strauss, supra, LSA-C.C.P. Arts. 966, 1915, 2083.
For the reasons assigned, the appellant's appeal is dismissed at its cost, and the case is remanded to the trial court for further proceedings.
APPEAL DISMISSED AND CASE REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[*] Judge WILLIAM A. CULPEPPER, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.