DUFRESNE, Judge.
The sole issue before us is whether a judgment granting a summary judgment in favor of appellees holding that uninsured motorist coverage is in effect on the First Horizon Insurance Co. policy and the Pacific Employers Insurance Co. policy (appellants). Because we find that the judgment is not authorized, it is hereby vacated and annulled, without consideration of the merits, and the case is remanded for further proceedings.
FACTS
Virginia Wilson Daigle, individually and as tutrix of her minor child, Clayton Dai-gle, Jr., filed the present suit against various defendants, including First Horizon Insurance Co. and Pacific Employers Insurance Co.
*451 On December 16, 1985, Clayton Daigle, husband of Virginia Wilson Daigle, was operating a vehicle owned by his employer, Petro-Marine Engineering, Inc., when he was involved in a collison with a vehicle driven by Arthur Mata, III and which resulted in Mr. Daigle’s death.
After plaintiff filed her lawsuit against First Horizon and Pacific Employers, the defendants alleged that both policies contained waivers of uninsured motorist coverage. Plaintiff moved for summary judgment on this issue. The trial court granted the plaintiff’s motion and First Horizon and Pacific Employers appealed the trial court’s judgment.
This court notes ex paroprio motu that the judgment does not find that either First Horizon or Pacific Employers are liable nor condemns them to pay any amount of money to the plaintiffs. The issue submitted for summary judgment did not concern liability, but only whether the policies of the defendants were in effect. This type of judgment is not authorized by our procedural laws. See Strauss v. Rivers, 501 So.2d 876 (La.App. 5th Cir.1987).
As this writer indicated in Strauss, supra, to allow such judgments would promote piecemeal litigation that frustrates the prompt resolution of disputes.
The judgment appealed is not a partial final judgment as permitted by the Code of Civil Procedure. Strauss, supra, LSA C.C.P. art. 966, 1915, 2083 and Med Trans, Inc. v. Rockwood Insurance Co., Inc., 509 So.2d 602 (La.App. 3rd Cir.1987).
For the reasons assigned, the judgment appealed from is annulled and set aside, and the case remanded for further proceedings.
JUDGMENT VACATED AND ANNULLED; CASE REMANDED FOR FURTHER PROCEEDINGS.