BOWES, Judge.
On October 4, 1988, this Court issued an order to both parties to show cause, by brief only, why this matter should not be dismissed, inasmuch as the judgment sought to be appealed is an unauthorized judgment. After a review of the law and jurisprudence, we conclude that the appeal must be dismissed, and the judgment set aside and annulled.
Norwood Blount (hereinafter Blount) filed an action in workmen’s compensation against his employer, Picou Brothers Construction Company, Inc. (hereinafter Pi-cou), alleging total and permanent disability due to an injury, and praying for benefits under LSA-R.S. 23:1021 et seq. Picou filed responsive pleadings, as well as various discovery motions. A motion for summary judgment was filed by Picou alleging that there was no genuine issue of material fact and that it was entitled to judgment “recognizing that this case is covered by the New Act of the Louisiana Worker’s Compensation Law as amended in 1983.” Blount opposed the motion. After other various unrelated pleadings were filed, the trial court granted summary judgment and decreed that the instant case “be governed by the 1983 Amendments to the Louisiana Worker’s Compensation Act, effective July *1312 1, 1983." That judgment is the one presently sought to be appealed.
LSA C.C.P. art. 1841 provides in pertinent part:
“... A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.”
LSA C.C.P. art. 2083 permits appeals to be taken only from interlocutory judgments which may cause irreparable injury.
The present judgment does not determine the merits of the case in whole or in part, but merely finds that the amended compensation laws will apply when the merits are finally tried. There is no showing of irreparable injury. Therefore, this judgment, even if considered interlocutory in nature, is not appealable. We find, however, the judgment is more properly an attempted partial final judgment.
LSA C.C.P. art. 1915 defines partial final judgments as follows:
A.A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969.
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B.If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case. .
The only category in which the present case may fall is A(3). LSA C.C.P. art. 966 states:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiffs motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. [Emphasis supplied]
Plaintiff Blount prayed for compensation benefits. Defendant Picou prayed to be dismissed. The judgment in question does not grant all or some of the relief for which either party has prayed. The judgment, therefore, also fails as an appealable partial final judgment.
It is, in fact, a judgment not authorized under the Code of Civil Procedure. Accordingly, Picou’s use of the motion for summary judgment to obtain a ruling relative to the appropriate law to be applied, without seeking any part of the relief it claims, is an unauthorized use of a procedural vehicle. Picou analogizes the judgment to a summary judgment on the issue of liability in a tort suit under LSA C.C.P. art. 1915, supra. As stated by this court in Strauss v. Rivers, 501 So.2d 876 (La.App. 5 Cir.1987):
*1313 "... unless specifically authorized by the code of procedure, partial final judgments which do not grant all or part of the relief prayed for are not permitted.”
The parties in Strauss also attempted the analogy to “liability” undertaken by Picou in this case. There we stated:
“The issue submitted for judgment did not concern liability, but only whether a policy of insurance was in effect. As such, it did not come within art. 1915(A)(5). The case is thus indistinguishable from Smith [v. Hanover Ins. Co., 363 So.2d 719 (La.App. 2nd Cir.1978)], supra, in that no procedural device exists which authorizes the judgment before us.” Strauss, supra, citing Smith v. Hanover Ins. Co., 363 So.2d 719 (La.App. 2 Cir.1978).
Likewise, we hold that no procedural device exists authorizing the judgment before us. Furthermore, it is clear that such judgments promote piecemeal litigation and frustrate the prompt resolution of disputes. Strauss, supra.
For the foregoing reasons, the summary judgment is vacated and annulled, and this appeal is dismissed. The case is remanded for further proceedings; costs of this appeal are to be equally divided between appellant and appellee.
JUDGMENT VACATED AND ANNULLED; REMANDED FOR FURTHER PROCEEDINGS.