556 So.2d 134 (1990)
Joyce Taber Serpas, Widow of Wilmer SERPAS, Susan Serpas, Cynthia Serpas, Wife of Jimmie Quick, and Linda Serpas, Individually and as Natural Tutrix of the Minor, Brian Serpas
v.
August RIDLEY, Roland Ridley, Champion Insurance Company, Bituminous Fire and Marine Insurance Company and St. Paul Fire & Marine Insurance Company.
No. 89-CA-491.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 1990.
*135 Sylvia Landry, Metairie, for plaintiffs/appellees.
Mark C. Surprenant, Adams and Reese, New Orleans, for defendant/appellant Bituminous Fire & Marine Ins. Co.
Before KLIEBERT, BOWES and GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal by an insurer in a tort suit from two judgments: a summary judgment in favor of the plaintiffs; and a judgment dismissing the appellant's third party demand against the tortfeasor and his insurer on an exception of no right or no cause of action.
The suit arose from an accident occurring at an intersection in Jefferson Parish on March 6, 1984, when a car operated by Wilmer Serpas was broadsided by one operated by August Ridley and owned by Roland Ridley. Serpas was killed and his wife severely injured. The plaintiffs filed suit on July 10, 1984.
The insurance on the vehicles was as follows: Champion Insurance Company insured the Ridley vehicle for liability of $5,000/$10,000. Serpas' vehicle, owned by Gnots, Inc. and insured by Bituminous Insurance Company, carried liability of $300,000 and uninsured motorist coverage of $10,000, or if the court finds the waiver of higher limits to be invalid, $300,000. (That issue is not presently before the court.) The Gnots vehicle was also covered by an umbrella policy issued by Chicago Insurance Company for $2,000,000, including $2,000,000 in UM coverage under the statute. St. Paul Insurance Company insured the Serpas' personal car for $25,000/$50,000.
Bituminous is now the only defendant in the case. The plaintiffs settled with Champion for $14,200, the $10,000 policy limits plus interest, and with St. Paul for $40,000 in UM benefits. They also settled with Chicago for $1,800,000 on its UM coverage. Bituminous paid the plaintiffs $11,400 under its UM policy.
Both parties filed motions for summary judgment seeking a determination of whether Bituminous is entitled to credit for all the amounts the plaintiffs received in settlement. The court rendered judgment on February 27, 1989, granting an exception of no right or cause of action in favor of third party defendants Ridley and Champion, *136 and dismissing third party defendant Bituminous' claim against them.
On March 3, 1989 the court denied Bituminous' motion for summary judgment but granted the plaintiffs' motion. The judgment in favor of Serpas reads as follows:
IT IS ORDERED ADJUDGED AND DECREED that the umbrella insurance policy of Chicago Insurance Company and Uninsured/Underinsured coverage of St. Paul Insurance Company do not become operable and neither Chicago Insurance Company nor St. Paul Insurance Company can be liable unto plaintiffs herein, unless or until the $10,000.00 policy limits of Champion Insurance Company (insurer of the alleged tortfeasor August and Roland Ridley) and the alleged $300,000.00 possible policy limit of Bituminous Insurance Company have been exhausted and therefore, Bituminous Insurance Company does not receive the benefit of any credit from plaintiffs' settlement with Chicago Insurance Company or St. Paul Insurance Company previously made herein.
The appellant asks this court to consider whether the judgment on the exception and the summary judgment in favor of the plaintiffs were decided correctly.
Summary Judgment
We take up first the summary judgment. In Med-Trans, Inc. v. Rockwood Ins. Co. Inc., 509 So.2d 602 (La.App. 3rd Cir. 1987) the court dealt with a summary judgment which simply determined the existence of coverage under the defendant insurer's policy. In holding that the judgment was an improper use of summary judgment procedure, the court explained, at 604:
... First, the granting of a summary judgment must accord a party all or part of the relief prayed for, i.e., establishing liability or damages. LSA-C.C.P. Arts. 966, 968, 2083, 1915, subd. A(3) & (5). Secondly, unless specifically authorized by the Code of Civil Procedure, partial final judgments which do not grant all or part of the relief prayed for are not permitted, for as to do so would promote piecemeal litigation that frustrates the prompt resolution of issues, and uneconomically uses judicial time and effort.
Strauss v. Rivers, 501 So.2d 876 (La.App. 5th Cir. 1987).
See also Smith v. Hanover Ins. Co., 363 So.2d 719 (La.App. 2nd Cir.1978).
The summary judgment in the case before us does not establish liability or damages and is not an authorized partial judgment. Accordingly, we do not consider the merits of the issue raised by the appellant but annul and set aside the summary judgment and remand for further proceeding.
Dismissal of Third Party Claim
The appellant contests the granting of Ridley and Champion's exception and dismissal of the third party claim on the basis of having established its subrogation rights by payment. It argues that under Bosch v. Cummings, 520 So.2d 721 (La. 1988), an uninsured motorist carrier acquires subrogation rights against the tortfeasor if the insurer pays any part of its obligation to the victim before the victim releases the tortfeasor. Bituminous paid the victims $11,400 in UM coverage on November 25, 1986. The release of Ridley and Champion took place considerably later, on May 15, 1988. Bituminous points out that Bosch approved the reasoning of Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La.1981), which held that payment under a subrogation agreement in its policy allows an insurer to become subrogated to the insured's right against the uninsured tortfeasor. The Bituminous policy contains a subrogation agreement. Our reading of the Bosch and Bond cases indicates that under the facts of this case Bituminous is entitled to subrogation to the plaintiff's right against Ridley and Champion. Under the general Civil Code articles on subrogation, the UM insurer who pays under the policy may become subrogated to the extent he has paid. Unlike Bituminous, the UM carrier in Bosch paid after the tortfeasor had been released, so that the plaintiff had no rights to transmit to the UM carrier. By paying prior to the settlement with Ridley and Champion, Bituminous established its claim against them to the extent of the amount it had paid. The *137 third party claim should not have been dismissed on defendants' exception of no right or cause of action and we reverse.
For the reasons assigned, the summary judgment in favor of Joyce T. Serpas et al is vacated and set aside; the judgment maintaining the exception of no right or cause of action of third party defendants August Ridley, Roland Ridley, and Champion Insurance Company is reversed; and the case is remanded for further proceedings.
VACATED AND SET ASIDE IN PART, REVERSED IN PART, AND REMANDED.