GOTHARD, Judge.
This appeal is from a summary judgment and is brought by the defendant insurers.
The suit, filed on November 21, 1988, arose from a boating accident on November 22, 1987 on Miller’s Bayou. The plaintiffs, Ronald and Cathy B. Lusco, on behalf of their eleven-year-old son, filed a petition for damages against the following defendants: Dave Campbell, owner of the boat; Liberty Mutual Insurance Company, liability insurer of Dave Campbell and/or Douglas Campbell; and State Farm Mutual Insurance Company, homeowners insurer of Douglas Campbell, driver of the boat. The plaintiffs and State Farm requested a trial by jury.
The plaintiffs, in amending and supplemental petitions, alleged that the suit is a general maritime claim under federal law brought in state court under the federal “saving to suitors” clause and deleted the request for a jury trial; they later filed a motion to strike the jury. The two insurers moved for summary judgment opposing the designation of the action as a maritime claim, and seeking the dismissal of the plaintiffs’ claim for a cause of action under maritime law. All motions were heard and the court signed a judgment on September 26, 1990 denying the defendants’ motions for summary judgment. The court granted the plaintiffs’ cross motion for summary judgment, “thereby designating plaintiffs’ suit as a general maritime claim,” and granted their motion to strike the jury pursuant to La.C.C.P. art. 1732(6), which specifically denies a jury trial to a suit designated by the plaintiff as an admiralty or general maritime claim.[1]
The Code of Civil Procedure provides for a partial final judgment in article 1915, including a partial summary judgment; however, to be an authorized appeal-able judgment, the judgment must grant all or part of the relief prayed for by the plaintiff. Strauss v. Rivers, 501 So.2d 876 (La.App. 5th Cir.1987); Smith v. Hanover Ins, Co., 363 So.2d 719 (La.App. 2nd Cir.1978); Forrester, Jr., Civil Procedure, La. L.Rev. 233, 243.
The judgment granting the plaintiffs’ motion for summary judgment, designating the suit as a maritime claim, provides no part of the relief prayed for in their petitions, i.e., a money judgment for their son’s damages, legal interest, costs, and all other general and equitable relief. Serpas v. Ridley, 556 So.2d 134 (La.App. 5th Cir.1990). In a situation analogous to the one before us, in Landry v. John E. Graham & Sons, Inc., 533 So.2d 975 (La.App. 1st Cir.1988), on rehearing, writ denied 534 So.2d 431 (La.1988), cert. denied 490 U.S. 1022, 109 S.Ct. 1749, 104 L.Ed.2d 185 (1989), the court held that a summary judgment finding that the plaintiff had seaman’s status under the Jones Act, although it was an essential part of the plaintiff’s cause of action, did not in itself grant any relief for which he prayed and was an unauthorized judgment. The court noted that in other cases summary judgment had been held appropriate, where the judgment classified an employee as a statutory employee of a defendant and dismissed the plaintiff’s tort suit against the employer. See also Serpas v. Ridley, supra; Blount v. Picou Bros. Const. Co. Inc., 535 So.2d 1311 (La.App. 5th Cir.1988). As we find the judgment designating the suit as a maritime claim to be an unauthorized partial judgment and an improper use of summary judgment, we vacate and set aside the judgment.
*462 The ruling in which the court granted the plaintiffs’ motion to strike the jury was viewed by the defendants as an interlocutory judgment which may cause irreparable harm and is therefore appealable. La.C. C.P. art. 2083. As the designation of maritime status, if granted, was the plaintiffs’ only basis for moving to strike the jury, their motion falls with our order vacating the judgment, and we need not address the issue of appealability. Accordingly, we set aside that part of the judgment which grants the plaintiffs’ motion to strike the jury.
For the reasons set out above, the appeal is dismissed, the judgment appealed from is vacated and set aside, and the case is remanded for further proceedings.
VACATED AND SET ASIDE, REMANDED.

. This provision was added when article 1732 was amended by Acts 1988, No. 147 § 1, and affects all suits filed after September 9, 1988. Creppel v. Coronation Shipping Company, 544 So.2d 388 (La.1989).