KLIEBERT, Chief Judge.
The sole issue before us is whether a judgment granting a summary judgment and alternative declaratory judgment in favor of appellee, ordering that the policy limits afforded by United States Fidelity & Guaranty Company, with regards to the alleged negligent acts of defendant, Roland Cola, are limited to the sums mandated by the compulsory motor vehicle liability security act, R.S. 32:861, et seq., that is $10,-000.00 per person and $20,000.00 per accident, is proper. Because we find the judgment is not authorized, it is hereby vacated and annulled, without consideration of the *1344 merits, and the case is remanded for further proceedings.
The facts are as follows: On June 1, 1987 the plaintiff, Kenny Anderson, was allegedly struck by a truck owned by defendant F. Christiana & Company, Inc. and operated by defendant Robert Cola. At the time Cola was the owner and operator of a body and fender repair shop and was returning the truck (upon which he had performed work) to its owner, Christiana.
At the time of the alleged accident, there was in effect a business automobile policy which U.S.F. & G. had issued to Christiana in the amount of $750,000.00. Section D of the liability insurance provisions is entitled “WHO IS INSURED.” Under Section D, the following categories of individuals are named as insureds:
1. You are an insured for any covered auto.
2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow except:
a. The owner of a covered auto you hire or borrow from one of your employees or a member of his or her household.
b. Someone using a covered auto while he or she is working in a business of selling, servicing, repairing or parking autos unless that business is yours.... (Emphasis supplied)
As the litigation took its normal course and after the taking of Cola’s deposition, counsel for defendants Christiana and U.S.F. & G. apparently conceded that the exclusionary clause quoted above was void as against public policy in that it did not comply with the state’s Financial Responsibility Law. It was then that they filed what was termed a “Motion For Summary Judgment and Alternative Motion for Declaratory Judgment” wherein it was recited that:
"... the pleadings on file and the exhibits attached hereto demonstrate that there is no genuine issue as to any material fact, such that movers are entitled to judgment, or alternatively, a judgment of declaration, as a matter of law, declaring that the policy limits afforded by United States Fidelity & Guaranty Company, with respect to the accident at issue, are in the amount of $10,000.00 per person and $20,000.00 in the aggregate.”
By judgment dated March 27, 1991, as indicated above, judgment was rendered in favor of the movers as prayed for, and from which the plaintiff has filed a devolu-tive appeal seeking judgment which would reform the policy to its limits ($750,000.00) rather than the minimum required by law.
This Court notes, ex proprio motu, that the judgment does not find Christiana or its insurer liable, nor does it condemn them to pay any amount to plaintiff. Indeed, liability has never been decided and is still denied by defendants. In brief they assert that they “do not concede liability for the damages claimed” and that “there is a complete absence of any evidence of negligence or wrongdoing on the part of Christiana.”
The above makes it clear that the judgment from which the appellant seeks review is one that is not authorized by our procedural laws. As indicated by the court previously, “to allow such judgments would promote piecemeal litigation that frustrates the prompt resolution of disputes.” Daigle v. Mata, 527 So.2d 450 (La.App. 5 Cir.1988), writ denied 532 So.2d 1387 (La.1988).
We are not unmindful of the fact that the motion was alternatively labeled as one for a “declaratory judgment” and that the judgment which followed used that term. The appellation given to the procedural device used does not change its effect or make such a judgment proper or appeal-able. See the expression of our brethren of the Third Circuit where in the case of Lantz v. Campbell, 376 So.2d 631 (La.App. 3 Cir.1979), the judgment therein referred to as “declaratory” was dealt with as follows:
"... In the present case, by analogy, where limits of liability only have been dealt with there is not a ‘final judgment.’ Allowing this appeal would constitute piecemeal litigation. The jurisprudence holds that before an appeal can be taken there must be a final judgment. One cannot appeal from a piecemeal judg *1345 ment such as the declaratory judgment in this case.”
Moreover, we feel the issue cannot be decided on the limited facts before us. Only after a trial on the merits when all the facts are before the Court can a proper decision be made as to whether the policy provisions should be reformed.
JUDGMENT VACATED AND ANNULLED; CASE REMANDED FOR FURTHER PROCEEDINGS.