648 So.2d 956 (1994)
Peter C. BERTUCCI
v.
Michael H. McINTIRE and Daniel P. McIntire, D/B/A McIntire & McIntire, Attorneys at Law.
No. 94-CA-412.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1994.
Randal L. Barnett, Marrero, for plaintiff-appellant.
Noel E. Vargas, II, a Professional Law Corp., New Orleans, for defendants-appellees.
Before KLIEBERT, C.J., and GAUDIN and GRISBAUM, JJ.
KLIEBERT, Chief Judge.
This case concerns a fee dispute between lawyers. Plaintiff, Attorney Peter Bertucci, appeals the trial court ruling that, if a referral fee contract is proven, he can recover a reasonable fee based on quantum meruit from the contingency fee earned by defendants, Michael H. McIntire and Daniel P. McIntire, d/b/a McIntire & McIntire, Attorneys at Law, in a medical malpractice action. For the following reasons, we vacate the judgment and remand for further proceedings.
The parties hereto stipulated to the following facts in the trial court:
1. There was a written contingency fee contract entered into between Josephine Melanson, widow of Claude Melanson, Sr., client, and McIntire and McIntire, et al;
2. There was no written agreement between Mrs. Melanson and Peter Bertucci;

*957 3. There was no written agreement between Bertucci and McIntire, et al.
Based on these stipulated facts, the matter was submitted to the trial court on the applicability of Art. 16, Rule 1.5(e) of the Rules of Professional Conduct.[1] The trial court ruled as follows:
IT IS ORDERED that: 1.) Rule 1.5(e) of Article XVI of the Rules of Professional Conduct is applicable to this case and will govern the referral fee contract, if one is proven, between Mr. Bertucci and Mr. McIntire 2.) The referral fee contract does not have to be in writing 3.) Mr. Bertucci would be entitled to recover a reasonable fee to be determined on a quantum meruit basis if a referral fee contract is proven.
Plaintiff appeals arguing that rule 1.5(e) does not prohibit the enforcement of a contract between two professionals when the contract would have no detrimental effect on the client. Further, plaintiff questions whether an attorney can enter into an oral contract and subsequently defend against enforcement of that contract by citing Rule 1.5(e).
Defendants deny the existence of a contract with plaintiff and point out that issue remains to be tried in the trial court. According to defendants, the sole issue on appeal is whether Rule 1.5(e) governs referral fees between attorneys of different firms.
Unless specifically authorized by the Code of Civil Procedure, a partial final judgment which does not grant all or part of the relief prayed for is not permitted, since to do so would promote piecemeal litigation and the uneconomical use of judicial time, thereby frustrating the prompt resolution of issues. Williams v. City of New Orleans, 93-CA-2043 (4th Cir. 5/17/94), 637 So.2d 1130; Caire v. Fremen, 630 So.2d 297 (La.App. 5th Cir.1993).
In Caire, a panel of this Court discussed the appealability of partial judgments and, quoting Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1240 (La.1993), stated:
Article 1915 was designed to limit to the enumerated situations a court's authority to render a partial final judgment which is appealable. When a judgment adjudicates all of the claims and defenses asserted by all of the parties, such a judgment is universally recognized as appealable (subject to statutory limitations in courts of limited jurisdiction). But when a judgment adjudicates fewer than all of the claims or defenses, or adjudicates the claims or defenses of one or more but less than all of the parties, there are significant problems in designating such a judgment as appealable. If all such judgments were appealable, there would be intolerable problems of multitude appeals and piecemeal litigation.
Article 1915 provides:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Article 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969.
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

*958 (5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
The judgment appealed herein does not constitute a final appealable judgment pursuant to Article 1915. It does not dismiss any party or cause of action and does not determine the issue of liability of a party. At best, the judgment simply states the law the court will apply if a referral contract is proven to have been entered into. Thus, we are compelled to vacate the judgment as an impermissible partial judgment and remand this matter to the trial court for a trial on the merits.
Furthermore, if the issues of whether an oral contract was entered into between Bertucci and McIntire and the significance of the fact that Bertucci obtained the client are subsequently determined adversely to Bertucci, then any decision on the applicability of Rule 1.5(e) would be moot or simply an advisory opinion. In St. Charles Parish School Board v. GAF Corporation, 512 So.2d 1165 (La.1987) on rehearing, the Supreme Court stated at p. 1171:
In order to avoid deciding abstract, hypothetical or moot questions, courts require that cases submitted for adjudication be justiciable, ripe for decision, and not brought prematurely....
A "justiciable controversy" connotes an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interest, and upon which the judgment of the court may effectively operate through a decree of conclusive character....
A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.... (Citations omitted).
A decision on this issue would result in an advisory opinion which would have effect only if the subsequent trial determines a referral contract did in fact exist. This Court refuses to issue such an opinion.
Accordingly, for the above reasons, the trial court judgment is reversed and the matter remanded for further proceedings. Appellant to pay all costs.
REVERSED AND REMANDED.
NOTES
[1] Rule 1.5(e) provides:

A division of fee between lawyers who are not in the same firm may be made only if:
(1) The division is in proportion to the services performed by each lawyer or, by written agreement with the client, each lawyer assumes joint responsibility for the representation;
(2) The client is advised of and does not object to the participation of all the lawyers involved; and
(3) The total fee is reasonable.