DUFRESNE, Judge.
This court on its own motion has inquired into its jurisdiction over this appeal.
Defendant, Independent Fire Insurance Company has devolutively appealed a partial summary judgment on the issue of insurance coverage and has also filed a writ which was consolidated with this appeal.
This lawsuit arises out of a 1992 automobile accident on the Huey P. Long Bridge. According to the pleadings, an automobile driven by defendant Donna Cruanes collided with the automobile driven by plaintiff Gloria Fernandez. Plaintiff Peggy Tickle was a passenger in the Fernandez vehicle. The automobile driven by Ms. Cruanes was owned by her father-in-law, defendant Lawrence Cruanes, and was insured under a liability policy issued by defendant Independent Fire Insurance Company to Lawrence Cruanes. During the course of pretrial proceedings, plaintiffs filed a motion for partial summary judgment on the issue of coverage 12under the Independent Fire liability policy. Plaintiffs urged in their motion that the policy covered defendant Donna Cruanes for any liability arising out of the collision. Following a hearing on April 19, 1995, the trial court found coverage of Ms. Cruanes under the policy and granted summary judgment. Independent Fire moved for a devolutive appeal of the May 4th judgment.
Under La.C.C.P. art. 2083, an appeal is available from a final judgment or from an interlocutory judgment which may cause irreparable injury. A final judgment is one that determines the merits in whole or in part; while an interlocutory judgment is one that does not determine the merits, but only preliminary matters in the course of an action. La.C.C.P. art. 1841.
Article 1915(A)(3) of the Louisiana Code of Civil Procedure provides:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
La.C.C.P. art. 966(D) specifically authorizes summary judgment “on the issue of insurance coverage alone although there is a genuine issue as to liability or the amount of damages.” Therefore, summary judgments rendered solely on the issue of insurance coverage are specifically excluded from the definition of partial final judgment.
The partial summary judgment presented on this appeal was ^rendered solely on the issue of coverage under the Independent Fire liability policy and is thus an interlocutory judgment reviewable on appeal only if it may cause irreparable injury. No showing of irreparable injury has been made by Independent Fire since the filing of its appeal motion. Pursuant to La.C.C.P. art. 2083, the partial summary judgment is therefore not appealable. See Adams v. St. Tammany Parish, 93-0717 (La.App. 1 Cir. 4/8/94) 636 So.2d 1003.
Similarly, Independent Fire’s writ application is denied because on the showing made, we find no reason to exercise our supervisory jurisdiction on the issue of insurance coverage. Any error on this point can be raised on appeal of the final judgment of the entire case.
For the above reasons this appeal is dismissed and the writ of review is denied at appellant’s costs.

*512
APPEAL DISMISSED, WRIT OF REVIEW DENIED.