JiPER CURIAM.
This appeal arises from a suit filed on behalf of Whitney National Bank (Whitney), plaintiff/appellant, against Cambridge Realty Corporation (Cambridge), defendant/appel-lee, seeking to collect a money judgment in the amount of $350,000, interest, costs, and attorney’s fees. Whitney also seeks to enforce mortgage . liens. Cambridge reconvened seeking the following: (1) the return of wrongfully seized rents, (2) a declaratory judgment decreeing the exact amount owed so that Cambridge can pay off the mortgage, (3) an accounting, and (4) attorney’s fees and costs. Cambridge also pled it is not in default. Both parties filed motions for summary judgment. The trial judge granted each motion for summary judgment in part and denied each in part. The parties then filed motions for new trial. The trial judge granted a new trial. He amended the previous judgment. Whitney now appeals suspen-sively from both judgments. We vacate and set aside the judgments, and remand.
Maurice S. Kansas, Sally Stich Kansas, Edward M. Haspel and Elizabeth Dahlman _[¿Haspel[1] executed promissory notes in favor of Whitney. Cambridge, a corporation owned by Maurice S. Kansas and Sally Stitch Kansas, executed collateral mortgage notes which were paraphed “ne varietur” for identification with an act of collateral mortgage also executed by Cambridge. The collateral mortgage notes were pledged to Whitney. The collateral mortgages encumbered immovable property owned by Cambridge.
Mr. and Mrs. Kansas and Mr. and Mrs. Haspel filed for bankruptcy protection. Cambridge did not file for bankruptcy. As a result of the bankruptcy proceedings Mr. and Mrs. Haspel and Mr. and Mrs. Kansas entered into a plan of reorganization which reduced their indebtedness to Whitney. Cambridge alleges that Whitney has wrongfully seized rental payments on its property and that this seizure constitutes an overpayment of the indebtedness owed by Mr. and Mrs. Haspel and Mr. and Mrs. Kansas. It also alleges it is not personally liable for the Haspel-Kansas debt and that it is not in default.
■ Whitney seeks to collect on the collateral mortgage notes and to enforce its liens on the property.
Cambridge filed a motion for summary judgment seeking a partial summary judgment as to the following:
1. Declaring that the indebtedness of Edward M. Haspel, Elizabeth Dahlman Has-pel, Maurice S. Kansas and Sally Stich Kansas to the Whitney National Bank as of April 4, 1995 was $44,468.08 or such other amount as the court may determine;
2. Declaring that Cambridge has no personal liability to Whitney;
3. Declaring that the property owned by Cambridge and located at 502 Terry Parkway, Gretna, Louisiana serves as security for the indebtedness of Edward M. Haspel, Elizabeth Dahlman Haspel, Maurice S. Kansas and Sally Stich Kansas but only up to the amount of the current indebtedness to the Whitney from Mrs. and Mrs. Haspel and Mr. and Mrs. Kansas;
4. Declaring that upon payment to Whitney of the amount of the then current indebtedness, Whitney must cancel and erase the collateral mortgage on Cambridge’s property.
Whitney filed a motion for summary judgment seeking the following:
1. Judicial recognition, maintenance and enforcement of mortgage liens;
|32. A money judgment of $499,000 against Cambridge personally, or alternatively a ruling that Whitney is entitled to enforce its judicially recognized, main *215 tained, and enforced mortgage liens for any value that may be received at judicial sale up to $499,000, and
3. The dismissal of Cambridge’s reeon-ventional demand.
The trial judge initially rendered judgment on March 31, 1996 granting the motion for summary judgment filed by Whitney in part and denying it part. The judgment also held that Whitney was limited to recover only the value of the mortgaged property but did not determine the amount of the recovery to which Whitney was entitled, nor did it specify the value of the mortgaged property. It further granted Cambridge’s motion for summary judgment in part by decreeing that Cambridge would not be personally liable. Following motions for new trial filed on behalf of both parties, the trial judge amended the judgment on September 11, 1996. We conclude that both judgments are unauthorized partial summary judgments.[2]
The judgment as amended declares that Cambridge has no personal liability to Whitney and also declares that any money judgment would be an in rem judgment subject to certain conditions. The trial judge further recognized as enforceable certain mortgages and mortgage liens in favor of Whitney. He ordered that the reeonventional demand be tried by ordinary proceedings. The judgment does not render a money judgment but only states, “If the parties cannot agree [on the amount owed], this Court will fix the amount of the current indebtedness by Rule to Show Cause.” It also preserves the reconventional demand which asks for damages for wrongful seizure. This judgment is not a final judgment.
La.Code Civ. Proc. art.1915 recognizes a partial summary judgment as follows:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of .the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or inter-venors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
14(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the ease [emphasis added].
This court has held that: to be an authorized appealable judgment, the [partial summary judgment] must grant all or part of the relief prayed for by the plaintiff. Strauss v. Rivers, 501 So.2d 876 (La.App. 5th Cir.1987); Smith v. Hanover Ins. Co., 363 So.2d 719 (La.App. 2nd Cir.1978); Forrester, Jr., Civil Procedure, La.L.Rev. 233, 243.
Lmsco on Behalf of Lusco v. Campbell, 580 So.2d 460 (La.App. 5th Cir.1991).
The judgment does not grant “all or part of the relief for which [Whitney and Cambridge have] prayed.” La.Code Civ. Proc. art. 966(A).[3] All this judgment does is to *216 determine the means for calculating the amount of the debt owed and the manner in which the debt will be collected. It finds that Cambridge will not be personally liable for the debt but will be subject to an in rem judgment for the amount of the debt calculated by agreement of the parties or by a rule to show cause. It further enforces mortgage liens and other security devices on immovable property for an unspecified amount, subject to later calculation. The judgment decides these issues without ever finding a default, a defense Cambridge has pled. These issues are decided without any judgment being rendered in Whitney’s favor and before the reconventional demand has been tried.
A partial summary judgment which only decides issues in the proceeding and which |5does not dismiss a party or an incidental demand, such as this one, encourages piecemeal appeals and is unauthorized. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). The Supreme Court explained:
Article 1915 was designed to limit to the enumerated situations a court’s authority to render a partial final judgment which is appealable. When a judgment adjudicates all of the claims and defenses asserted by all of the parties, such a judgment is universally recognized as appealable (subject to statutory limitations in courts of limited jurisdiction). But when a judgment adjudicates fewer than all of the claims or defenses, or adjudicates the claims or defenses of one or more but less than all of the parties, there are significant problems in designating such a judgment as appeal-able. If all such judgments were appeal-able, there would be intolerable problems of multiple appeals and piecemeal litigation
[[Image here]]
Everything On Wheels Subaru, Inc., supra at 1240. Although Everything On Wheels Subaru, Inc., supra concerned a judgment granting a partial exception of no cause of action, the Supreme Court noted at 1242, n. 12:
There does not appear to be any logical reason to treat partial judgments resulting from a motion for summary judgment any differently from partial judgments resulting from an exception of no cause of action.
Furthermore, “[A]n interlocutory judgment [is] reviewable on appeal only if it may cause irreparable injury.” Fernandez v. Independent Fire & Sur. Ins., 95-657, 95-733 (La.App. 5th Cir. 11/15/95) 665 So.2d 510, 511. See La.Code Civ. Proc. art. 2083(A).[4] A review of the record indicates there is no showing of irreparable injury.
Appellant argues there is irreparable injury because the judgment may cause Whitney to lose its liens since Cambridge could possibly sell the property and cancel the mortgages based on the judgments and Cambridge’s view that the indebtedness has been paid. We are not persuaded by this argument since neither judgment determines the amount of the liens. Therefore, the setting of a dollar amount is beyond the scope of either judgment.
Appellant alternatively requests that we consider the judgments under our supervisory | (jurisdiction as an application for writs. We note the following internal rule of this court. Pursuant to internal rules of this court we issued the following en banc order on December 9,1994:
IT IS ORDERED that, as of January 1, 1995, all nonappealable matters filed as an appeal will be dismissed. Accordingly, all parties will be required to follow and adhere to the procedural schemes set forth in our Louisiana Codes of Civil and Criminal Procedure.
We have applied the internal rule and dismissed such appeals as premature. Marcello v. Snell’s Limbs and Braces, 96-700 (La.App. 5th Cir. 1/28/97) 688 So.2d 677; Planche v. Plauche, 95-979 (La.App. 5th Cir. 3/13/96) 673 So.2d 1053. Even assuming the appeal was in the procedural posture of a writ appli *217 cation, we feel it more appropriate under these circumstances to vacate the judgments.
Appellant further argues alternatively that this court vacate the judgments in accordance with Bertucci v. McIntire, 94-412 (La. App. 5th Cir. 12/14/94) 648 So.2d 956. The instant case is distinguishable from eases in which we dismissed non-appealable cases on the basis of prematurity, cases which fell within the ambit of our internal rule. In those instances the interlocutory judgments did not function as advisory opinions as is the case herein.
In the present case the judgments determine that liens are enforceable without first determining a default has occurred. Furthermore, Cambridge alleges the debt has been paid. Should there be a finding at a subsequent trial that there is no default, then the current judgments would be meaningless. These judgments could only have effect in the event there is a default. We have followed the Supreme Court in St Charles Parish School Board v. GAF Corporation, 512 So.2d 1165 (La.1987) regarding its avoidance in issuing advisory opinions and have refused to issue an advisory opinion. Bertucci, supra. In Bertucci we vacated such an interlocutory judgment when the judgment was an advisory one.
Appellee expressed concern in its brief that Whitney could get “a third bite of the apple” should we vacate the judgments. However, we consider the prohibition expressed by the Supreme Court in rendering advisory opinions as follows:
But the court is not required to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of the partiesf^or counsel, whether in the case before the court or in any other case, can enlarge the poiver, or affect the duty of the court in this regard. See United States v. Hamburg—Amerikanische Packetfahrt—Actien Gesellschaft, 239 U.S. 466, 36 S.Ct. 212, 60 L.Ed. 387 (1916); California v. San Pablo & Tulare R. Co., 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747 (1893) [emphasis added.]
St. Charles Parish School Bd. v. GAP Corp., 512 So.2d 1165, 1173(La.1987).
Therefore, since the two judgments herein constitute advisory opinions, IT IS ORDERED that the judgments of March 31, 1996 and September 11, 1996 be vacated and set aside and the case remanded for further proceedings consistent with the views expressed herein. IT IS FURTHER ORDERED that this matter be removed from the docket of March 4,1997.
JUDGMENTS VACATED AND SET ASIDE; CASE REMANDED.

. These individuals are also known as Haspel-Kansas Investments.

. This court, after noting sua sponte a jurisdictional defect, issued a show cause order asking the parties to brief this issue.

. La.Code Civ. Proc. art. 966(A) provides:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time [emphasis added].

. La.Code Civ. Proc. art. 2083(A) provides:
A. An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.