693 So.2d 7 (1997)
Peter C. BERTUCCI
v.
Michael H. McINTIRE and Daniel P. McIntire, DBA McIntire & McIntire, Attorneys at Law.
No. 96-CA-933.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 1997.
Noel E. Vargas, II, Metairie, for Defendants/Appellants.
Randal L. Barnett, Marrero, for Plaintiff/Appellee.
Before GRISBAUM, GOTHARD and DALEY, JJ.
DALEY, Judge.
This case concerns a fee dispute between lawyers. Plaintiff, Attorney Peter Bertucci, sued to recover a reasonable fee based on quantum meruit from the contingency fee earned by defendants, Michael H. McIntire and Daniel P. McIntire, d/b/a McIntire & McIntire, Attorneys at Law, in a medical malpractice action. Following a remand by this court[1], a trial on the merits was held and a judgment rendered in favor of plaintiff in the amount of $17,726.72. For the following reasons, we affirm.
The following facts are not in dispute. Bertucci had represented Josephine Melanson and her husband for many years. Upon Mr. Melanson's death, Ms. Melanson came to Bertucci because of a possible medical malpractice claim. Bertucci did not handle this type of litigation and, on recommendation of Mr. Dunn, another lawyer practicing in his office, defendant, Michael H. McIntire of the firm McIntire & McIntire, was called to meet with Bertucci and the client to discuss the possibility of a case. This meeting took place at Bertucci's office. At this time, Ms. Melanson also met with the three men and the case was discussed. McIntire agreed to handle the case. Bertucci and Dunn testified that at this meeting between McIntire and Bertucci that McIntire first offered Bertucci a referral fee of between 20%-25% and that *8 the parties agreed to a 20% referral fee. McIntire testified that no agreement was reached but that even if one was it is not enforceable under Art. 16, Rule 1.5(e) of the Rules of Professional Conduct which provides:
A division of fee between lawyers who are not in the same firm may be made only if:
(1) The division is in proportion to the services performed by each lawyer or, by written agreement with the client, each lawyer assumes joint responsibility for the representation;
(2) The client is advised of and does not object to the participation of all the lawyers involved; and
(3) The total fee is reasonable.
McIntire eventually negotiated a settlement of the case whereupon Bertucci requested a referral fee. McIntire refused to share the attorney fee with Bertucci, citing Rule 1.5(e).
The parties also stipulated to the following facts in the trial court:
1. There was a written contingency fee contract entered into between Josephine Melanson, widow of Claude Melanson, Sr., client, and McIntire and McIntire, et al;
2. There was no written agreement between Mrs. Melanson and Peter Bertucci;
3. There was no written agreement between Bertucci and McIntire, et al.
Ms. Melanson testified that had she been advised of a fee split arrangement between Bertucci and McIntire at the start of McIntire's representation that she would not have objected to it. She also did not object to a fee split at the time of trial.
Following trial, the court ruled that an oral contract existed between Bertucci and McIntire for a 20% referral fee, but that Bertucci was not entitled to the entire 20%, but rather to a share of the fee under a quantum meruit theory. The court found that Bertucci had maintained an attorney client relationship with Melanson from the initial consultation throughout the malpractice litigation wherein he would advise Melanson and explain documents sent to her from McIntire. Bertucci also handled Mr. Melanson's succession for costs only. Relying on Matter of P & E Boat Rentals, Inc., 928 F.2d 662 (5th Cir.1991) the court awarded 10% of the fee to Bertucci. McIntire appeals contending the trial court erred in its application of Rule 1.5(e) and in its quantum meruit award.
McIntire's position is that even if he had an oral agreement with Bertucci, because the agreement was not in writing and the client was not advised of a fee split arrangement, Rule 1.5(e) does not permit Bertucci to share in the fee. McIntire also quotes Disciplinary Rule 2-107 which states the client must be fully informed of and consent to the division of fees from the association of a lawyer not in the primary lawyer's firm, the division is made in proportion to the services performed by each lawyer and the total fee is reasonable. McIntire argues that because Melanson was unaware of the referral arrangement, there can be no fee split between these lawyers.
Additionally, McIntire maintains under a theory of quantum meruit, the amount awarded to Bertucci is excessive. He also distinguishes P & E Boat Rentals, Inc. based on the fact that the referring attorney in P & E Boat Rentals, Inc. had actual hands on participation in that case.
Bertucci maintains there was in fact an oral agreement between he and McIntire whereby Bertucci was to receive a 20% referral fee. He also maintains he advised and consulted with Melanson regularly throughout the litigation including interpreting pleadings, letters and other documents sent to Melanson from McIntire. Additionally, because Mr. Melanson's succession needed to be completed prior to settlement of the malpractice case, Bertucci handled the succession proceeding for reimbursement of costs only. Melanson also testified that she would not have objected to the fee split at the time she engaged McIntire and that she did not object to it at the time of trial. Based on the above, Bertucci argues the judgment correctly finds there was an agreement to split the fee and that the P & E case was properly applied.
*9 The standard of appellate review was set forth by the Supreme Court in Rosell v. ESCO, 549 So.2d 840, 844 (La.1989) and more recently restated in Lewis v. State Through Dept. of Transp. and Development, 654 So.2d 311, 94-2370 La. 4/21/95, (La.1995). In Lewis, the Supreme Court stated:
An appellate court may not set aside a trial court's or jury's findings of fact in absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989).
We see no error in the trial court judgment. Bertucci had represented the Melanson family for many years. Ms. Melanson came to Bertucci concerning a potential medical malpractice claim and he referred his client to McIntire. When this referral was made, McIntire offered Bertucci a 20% share of the fee which was accepted by Bertucci. Although Bertucci's participation was limited, the client obviously did not object as she sought his advise and counsel regularly throughout the malpractice litigation. Our review of the record shows the trial court correctly found a 20% referral fee agreement between McIntire and Bertucci. Since the fee splitting agreement was not in writing Art. 16, Rule 1.5(e)(1) of the Rules of Professional Conduct requires that the division of the fee must be in proportion to the services performed. The trial court after considering all the evidence found that Bertucci was entitled to 10% of the fee on a quantum meruit basis. The record also reflects that the client, Ms. Melanson, was aware of and did not object to the participation of all of the lawyers involved.
Accordingly, the trial court judgment is affirmed. All costs of this appeal to be borne by defendants.
AFFIRMED.
NOTES
[1] Bertucci v. McIntire, 648 So.2d 956 (La.App. 5 Cir.1994)